Judge Marshall

delivered the opinion of the Court: William Phillips devised to his wife slaves and personalty of considerable value, to be held by her during her life, and at her death to be “equally divided among her children, except Felix.” It appears, that, at the date of the will, two of the Testator’s sons, who were also sons of the devisee for life, were dead, leaving childred, and the only question now presented for consideration, is whether these grand children of the devisee for life, who is since dead, are embraced in the devise to her “children,” and have thus an interest in the remainder which was to take effect at her death.
The word children certainly does not properly denote grand children. And although it is capable of being used, and is sometimes used, for that purpose and with that effect, there can be no warrant for thus enlarging its ordinary known signification, in giving construction to a will, unless such enlargement be necessary to carry out the manifest intention of the Testator: which intention *2 not being indicated by the mere use of the word “children,” is of course to be demonstrated by other words or circumstances.
It is said in Roper on Legacies, 1 vol. 69, that this extended import of the word “children,” used as descriptive of the persons to take under the will, is allowed in the two following cases only, viz. first, from necessity, where the will would otherwise be inoperative; and, second—where the testator has shown by other words, that he did not intend to use the term “children” in its proper actual meaning, but in a more extended sense; and the authorities referred to seem to support the rule as thus laid down
It is unnecessary, however, in the present case, to define precisely the circumstances which might be sufficient to give the more extended signification to the term in question. It is clear that something more is necessary besides the mere use of that term and the fact that there are grand children who claim to be included in it; and in this case no additional circumstance appears, either on the face of the will or otherwise, which can have the least effect in favor of their claim. On the contrary, there are several which go to support the natural construction limiting the import of the word children, to the immediate offspring of the devisee for life. There were five children of the testator and devisee for life living at the date of the will, as appears on the face of the instrument, and the devises and other references made to these survivors, and to the children of the two deceased sons, tend strongly to show that the testator did not confound the two classes, either in idea or in expression. In one instance, he describes one portion of this latter class by the term, grand children; in others, he describes them as the children of his deceased sons, who are named; and in others names the grand children specifically.
Under these circumstances, we do not feel authorized to construe the word children as used in this devise, in its more extended sense; and therefore, the decree rejecting the claim of the testator’s grand children to any interest in the slaves and personalty devised to the testator’s wife for life, is affirmed.