# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

WINTER TERM....1847-8.

## Commonwealth *vs* Hays.

ERROR TO THE JEFFERSON CIRCUIT.

*Taxation. Revenue.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE only question presented in this case is, whether under the statutes of 1837, (3 *Stat. Law,* 511,) and of 1845, (*Sess. Acts,* 80,) for equalizing taxation, and which 'in effect require the citizen to give in for taxation, in addition to the list of specific property, his own estimate, upon oath, of what he is worth in addition thereto, it is his duty to include in the estimate, debts due or coming due to him from persons resident in other States, and other property not situated within this State.

Upon considering the two statutes above referred to, we are satisfied that it was the object, and indeed the express requisition of the Legislature, that the citizens of this State should pay, in addition to the tax upon property required by law to be listed for taxation, an *advalorem* tax upon all that (according to their own estimation upon oath,) they were worth, exclusive of that property, leaving out of the computation or estimate, according to the act of 1837, the first three hundred

*Motion*

*Case 1.*

*December 7.*

Question stated.

VOL. VIII.    1

dollars; but according to the act of 1845, the first one hundred dollars in value, and also lands and slaves and other property not within the State, and which is subject to taxation by the laws of the country where situated. The growing crop and some other items are also excepted from the estimate.

Lands and slaves not within this Commonwealth, are absolutely excluded from the estimate, upon the assumption, no doubt, that they are taxed in the country in which they are situated. But other property out of the State, is excluded only upon the condition that it is subject to taxation by the law of the country where it is. With regard to all other property except land and slaves, it is the duty of the citizen to include it in his estimate, unless it is actually subject to taxation by the law of the place where it is, a fact which being presumably known to him and not known to the Commonwealth or her officers, is involved in his oath and estimate. He must fix and swear to an estimate of what he is worth, from all other sources, except the ordinary list, his lands or slaves out of the State, his other property out of the State and which is subject to taxation by the laws of the country where it is situated, and except the growing crop on lands listed, and other items mentioned in the proviso of the statute.

Slaves temporarily out of the State at the time to which the list of taxable property refers, are of course, to be included in that list. The exception from the residuary estimate, applies to slaves permanently situated in another State or country, and therefore presumably constituting a part of the property taxable there.

*Slaves temporarily out of the State, are liable to taxation for revenue purposes.*

Debts being of no place, but being in general regarded as attendant on the person of the creditor, may be considered as property within this State, though the debtor reside out of the State. But even if considered as property out of the State, they are at any rate a part of the property of the resident citizen, a part of his resources and a portion of the wealth of the State from which she has a right to derive a part of her revenue and she has not exempted them from taxation, but requires them to be included in the estimate of what the citizen is

*Debts due to individuals are regarded as attendant on the person, and may be considered as property within the State, which is the residence of the creditor, and should be included in the estimate of taxable property of every citizen in*

worth, unless, which can hardly be conceived, they are taxed in the country of the debtor. A tax upon all the property and resources of the non-resident debtor by the laws of his own country, would not be a tax upon the debt due by him to his creditor in this State, to exempt the debt from taxation here. If such a tax should, by diminishing the ability of the debtor to pay, diminish the value of the debt, this diminution would be taken into consideration by the creditor here, in fixing the estimate of what he is worth.

We are of opinion, therefore, in every view of the subject, that Hays was bound to include in his residuary estimate, not only the value of the debts coming to him from citizens or residents of this State, but also the value of debts from non-residents, and of all other property belonging to him out of the State, except land and slaves, and except such property out of the State as under his oath he excludes from the estimate, because it is subject to taxation, (and should be given in for taxation,) by the laws of the country where it is situated.

Wherefore, the judgment and order dismissing the proceeding against the defendant, Hays, is reversed, and the cause is remanded with directions to render a judgment in conformity with this opinion, and for appropriate proceedings thereon.

*Cates, Attorney General,* for Commonwealth.

Kentucky, as well as his property out of the State, except such as he, under his oath, may exclude from the estimate, because it is taxed by the laws of the country where it is situated.