City of Louisville v. Sherley, &c.

---

CASE 16—EQUITY—FEBRUARY 11, 1882.

## City of Louisville v. Sherley, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

Property in the form of stocks and bonds, held by a guardian who resides in the city of Louisville, for infants whose domicile is in Jefferson county, ten miles from the city, is not liable to municipal taxation. The *situs* of the infants, and not that of the guardian, is the test of liability to the city for revenue upon choses in action.

T. L. BURNETT FOR APPELLANT.

The guardian is entitled to the custody of his wards as well as of his wards' estate. That the infants removed out of the city is not their

City of Louisville v. Sherley, &c.

act, but the act of the guardian. The residence of the guardian, and not that of the ward, must fix the *situs* for taxing personal property. (10 Ohio, 431, 437; Means v. Coleman, 6 J. J. Mar., 199; 2 Vt., 152; Arnold v. Smith, 3 Bush, 165; 19 Md., 13; 29 *Ib.*, 48; 48 N. Y., 390; 47 Mo., 594; 40 Ill., 197; Chaplin v. Moore, 7 Mon., 178; 2 J. J. Mar., 202; Potter on Corporations, 190, 191; Johnson v. Smith, 5 Bush, 104; Dillon on Mun. Corp., sec. 613; 29 Cal., 533.)

H. C. BRANNIN AND JOHN ROBERTS FOR APPELLEES.

Local taxation must be based upon some real or imaginary protection to the person or property taxed. Real estate may be taxed, although the owner be a non-resident. *Choses in action* follow the owner. The bonds and stocks in the hands of a guardian or trustee are not subject to taxation. (Sec. 7, art. 11, chap. 48, Gen. Stat.; 4 Bush, 255; 15 Wallace, 300; Johnson v. Lexington, 14 B. Mon., 532; Underwood v. Brockman, 4 Dana; Ray v. Bank of Kentucky, 3 B. Mon.; Covington v. Powell, 1 Met.; 35 Mich., 471; 12 Pick., 7; Story on Conflict of Laws, sec. 362; 1 Rhode Island, 481; 34 Mo., 320; 4 Allen, 462; 2 Watts & Serg., 568; Acts 1868, vol. 1, 674; Acts 1873, vol. 1, 271.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellees are the infant children of Lewis A. and Laura Sherley, both of whom are dead. Their father, who married their mother, was living at the time of his death in the county of Jefferson, about ten miles from the city of Louisville, the children being with him, and where they continued to reside for several years after the loss of their parents.

Their paternal grandfather, Z. M. Sherley, was their statutory guardian, and lived in the city of Louisville, but the children continued to reside at the domicile of their father in Jefferson county, outside of the corporate limits of the city. The infants derived from their father a considerable amount of personal estate, consisting of notes, bonds, and stocks, that passed into the hands of their guardian. This personal estate, as the appellees allege, was for several years wrongfully and illegally assessed for taxation by the city of

Louisville, and the taxes paid by their guardian under the belief that this property was liable for taxation for municipal purposes. The taxes levied on this property, and paid by the guardian, were—first, a tax of twenty-five cents for the benefit of the public schools of the city; second, a tax in aid of the Elizabethtown and Paducah Railroad; third, a tax in aid of the St. Louis Air Line Railroad; fourth, a tax to reconstruct the streets of Louisville.

The infants owned no real estate within the city, and it is claimed the infants derived no benefits from this taxation, and that their guardian, although residing within the corporate limits, was compelled wrongfully to pay this tax, or paid it under the belief that, as his domicile was within the city, this personal property in his possession was subject to municipal taxation. The facts are fully set forth in the petition, to which there was a demurrer, the demurrer overruled, and the appellant (the city) failing to plead further, a judgment was rendered against it. The right to maintain such an action has been repeatedly held by this court, and it seems to us the only question in the case is, does the fact that the guardian of these infants, and the custodian of their personal estate, is domiciled in the city of Louisville, subject the estate of the children to taxation for municipal purposes? The inhabitants of the city who claim, or who are entitled to, the benefits and protection of the municipal government, are made to contribute to the common burden by reason of the benefits received; but in what manner are these children, who live ten miles distant in the country, benefited by all these advantages resulting from a residence inside of the corporation? They are not educated at the public schools of the city, and have no real estate to be increased in value by reason of railroad or street improve-

ments.    Whether or not the domicile of the owner of the
property is the true test in determining the right of the
municipality to tax in this case, is not necessary to be de--
cided.    It is certain the mere fact of the guardian living
within the city, and having the custody of the infants' notes
and bonds, will not authorize the municipality to tax them.
The guardian has no interest in the property, nor is it pre-
tended that the children derive any other benefit than its
mere possession by their guardian, who happens to be living
within the city limits.    The domicile of the father was that
of the infants, and no change of domicile had been made
by the guardian when these taxes were imposed and paid.
While the authorities are in conflict as to the right of the
guardian to so change the home of the ward as to affect
the right of succession to the property of the infant, we
perceive no reason, where both the parents are dead, and
the guardian entitled to the custody of the infant and his
property, of withholding from him the right, when acting in
good faith, and with no view to work an injury to his ward
or the estate, to select and fix for his ward a permanent
home.    A change of the infant's domicile, particularly when
both parents are dead, may become a necessity, and when
done from disinterested motives, and for the purpose of
making an actual and permanent change of domicile, the
right should be conceded.    It is certain that the domicile of
the guardian is not necessarily the domicile of the ward, and
when the parents are dead their place of domicile is that of
the children surviving them, and will so continue until their
domicile is changed.

In the case of School Directors v. James, 2 vol. Watts &
Sergeant's Reports, 568, the minor children lived with their
mother in one township, and their guardian in another.    It

was held that their personal property was not liable to taxa--
tion for school purposes in the township where the guardian
lived.    It was said in that case:

"The situs of their movable property attended the domi-
cile of their persons, and is taxable only there;" and further,
"the guardian must not be allowed to burden his ward with
a certainty of loss by subjecting his property to taxation for
purposes in which the ward has no interest."

In the case of Mason v. Humber, 1 Rhode Island, it was
held "where the guardian of a lunatic changed the domicile
of the lunatic in good faith, and with the intention to make
it his permanent home, the ward became liable to be assessed
in the town to which he is removed."

In the case of the Borough of Carlisle v. Marshall, 76
Penn., an analogous question to the one under considera-
tion was determined adversely to the exercise of such a
power.

This doctrine is not in conflict with the position assumed
by counsel for the city, that where persons residing abroad
bring their property, and invest it in this state, for the pur-
pose of deriving profit from its use, obtaining the rights,
benefits, and protection from our laws, should be made to
contribute to the support of the government.

The mode of taxation, both as to the person and prop-
erty to be taxed, for state and municipal purposes, is reg-
ulated in many of the states by statute, and parties own-
ing property, real or personal, located and used within a
municipality, and deriving the protection of the local gov-
ernment, may be required to pay a tax upon it.  .This is
just and equitable, and they should not be allowed to obtain
the benefits of the city government, and at the same time
require the actual resident to assume the entire burden. of

taxation.    While the situs and control of the property may, by law, be made the test of its being subject to taxation in a particular locality, whether in the hands of the owner or the agent, still the mere fact a guardian of infants lives within the municipality, while the infants are domiciled in another county, or outside of the city limits, will not subject their estate in the pocket of the guardian or the vaults of a city bank to taxation for municipal purposes.

The proper place to list personal property in this state, or rather its value under the equalization law, is in the county where the owner lives, and as to the infants living in the county of Jefferson, their personal estate should have been listed with the county assessor.    This property is subject to taxation for state and county purposes, but not for the support of the city government.

It was necessary, by reason of the loss of their parents, that a guardian should take charge of their estate, and because he is required to take the actual custody of the money, notes, and bonds left by their father, we are asked to transfer by implication their place of residence from the county to the city, for no other reason than to subject their estate to a burden from which they derive no benefit, and when it is beyond their power to prevent their guardian from taking it into his possession.    It would be neither just or equitable to permit the imposition of such a burden on infants, whose misfortunes alone caused the transfer of the possession of their personal estate to one living away from their domicile.    While being educated at their homes, they are taxed to maintain the public schools of Louisville, and compelled to contribute to the common burden in discharging the debts of that corporation for the construction of streets and railroads.    The safety and value of their estate

is as well protected and preserved by the state government as that of the municipality into which it has been carried. They have not sought its protection or claimed its benefits, and were powerless to restrain the guardian from taking this property from the domicile of their father in Jefferson county to his domicile in the city of Louisville; so, whether the situs of personal property for the purposes of taxation is the domicile of the owner, or applies only to the distribution of the estate in case of intestacy, is not necessary to inquire, as this case shows a taxation for purposes from which these infants derive no benefits.

It would be a hard rule to determine that the home in the city of Louisville, of the guardian of infants residing in the county of Oldham or Jefferson, becomes, by operation of law, the home of the infants, and their personal property liable to a burden they had no voice in imposing, and from which they derive neither a pecuniary interest or protection. This is not a case where the guardian is conducting a business for the infants, or investing money for non-residents, nor is it a case where the representative is invested with title to the estate he represents, and while the case of a personal representative or trustee might present stronger reasons for taxation, we do not determine that such representative would be liable, as the case is not before us.

The judgment, for the reasons indicated, is affirmed.