City of Lexington v. Fishback's Trustee.

CASE 111—ACTION FOR SETTLEMENT OF A TRUST ESTATE INVOLVING ITS LIABILITY TO PAY CITY TAXES—FEB. 8.

# City of Lexington v. Fishback's Trustee.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT DENYING CLAIM OF CITY OF LEXINGTON    TAXES AND THE CITY APPEALS.   AFFIRMED.

TAXATION—SITUS OF PROPERTY HELD BY TRUSTEE.

Held:  1. Under Kentucky Statutes, section 4023, providing that the holder of the legal title to property and the holder of the equitable title shall be liable for the taxes thereon, "but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon," and Id., section 4024, providing that all estate, real and personal, shall be assessed for taxation, and the tax paid by "the owner" thereof, the residence of the beneficial owner of personal property held by a trustee is the situs of the property for taxation.

2. Kentucky Statutes, section 3179, part of charter of cities of the second class, requiring notice to be given by the assessor that all persons owning, or having in their possession or under their control as trustee, tangible or intangible property, are required to give him a true and complete list of the same, with true cash value thereof, does not require a trustee to list personal property for city taxation where the beneficial owner resides elsewhere.

W. A. BRONSTON AND GEO. C. WEBB, FOR APPELLANT.

The exact question in issue in this case is whether the property and funds of a trust estate which are in the hands and under the control and direction of the trustee are to be assessed and taxed at the residence of the trustee or at the residence of the *cestui que trust*—the two residing in different taxing jurisdictions.

The trustee resided in the city or Lexington, while the *cestui que trust* resided in Louisville.   Cooley on Taxation (2d ed.), p. 375; Burroughs on Taxation, p. 223; Mayor v. Sterling, 29 Md., 49; Latrobe v. Mayor, 19 Md., 13; City of Lexington v. Harting's heirs, 19 Ky. Law Rep., 1829; Ky. Stats., secs. 4058 and 3179; Bristol v. Washington County, 177 U. S., 131-3; (see Book 44, L. C. P. Co., 701).

City of Lexington v. Fishback's Trustee.

**J. D. & G. R. HUNT, FOR APPELLEE.**

We do not believe that any principle of law is better settled than that the real owner of property, either real or personal, must pay the taxes thereon.

### SUMMARY AND AUTHORITIES CITED.

1. All personal property is taxable, and should be listed for taxation at the residence of the owner thereof.
2. Taxation is a taking of private property for public use, and in the absence of any benefit conferred, is spoliation.

    1. Ky. Stats., secs. 4023 and 4024; City of Louisville v. Sherley, 80 Ky., 72; Harting's Executor v. City of Lexington, 19 Ky. Law Rep., 1829; Boske, Sheriff, v. The Security Trust and Safety Vault Co., 22 Ky. Law Rep., 182; Williams v. Rogers, 14 Bush, 788; Taylor's Admr. v. Taylor's Assignee, 78 Ky., 470; Keene v. Collier, &c., 1 Met., 417; Deposit Bk. of Owensboro v. Daviess County, 19 Ky. Law Rep., 265.

    2. Cooley on Taxation, p. 1; City of Louisville v. Sherley, 80 Ky., 73; Johnson v. Lexington, 14 B. Mon., 661; Cheaney v. Hooser, 9 B. Mon., 341-346.

Our contention is that the city of Lexington is entitled to the taxes on said fund.

### AUTHORITIES CITED.

Notes and choses in action are to be taxed at the residence of the creditor without regard to, and independent, of the residence of the debtor. Commonwealth v. Hays, 8 B. Mon., p. 1; Thomas, Guardian, v. Mason County Court, 4 Bush.

Trust property is to be taxed at the residence of the trustee, and not that of the *cestui que trust*. Cooley on Taxation, p. 375; State v. Mathers, 10 Ohio St., 431; Baltimore v. Sterling, 29 Md., 48; Buck v. Miller, 62 Am. St. Rep., 440.

**HAZELRIGG & CHENAULT, FOR APPELLANT.**

The determination of the *situs* of personalty for purposes of taxation is a *difficult* question if we look alone to the decisions of the courts which are conflicting, because it is generally controlled by statute.

In the absence of statutory regulation there is little difficulty if we follow the text writers.

In this State, by the provisions of sections 4058 and 3179, Kentucky Statutes, personal estate should be listed at the residence of the trustee; otherwise said sections would be futile.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

In 1887 William M. Fishback died in Fayette county, leaving a will by which he devised his property, after the payment of his debts, to his wife, Martha L. Fishback, for life, with power to dispose of a third thereof at her death, and disposing of the other two-thirds among certain relatives at her death. Power was given her to sell for reinvestment the property purchased, to be held upon the same terms and conditions as that sold. On December 10, 1894, as the result of some difference with the remainder-men, Mrs. Fishback executed a deed of trust to appellee company, conveying to it all the personal property held by her under her husband's will, reciting that certain of the remainder-men objected to her holding the estate without executing a new bond, and that the property was to be held by the company, as trustee, "on the terms and conditions that said second party shall take possession and control of said property and hold the same for the sole use of first party herein during her lifetime, and at her death to distribute the corpus of said trust fund according to the provisions of said will of William M. Fishback. The second party shall collect the income and interest thereon, and pay the same over to first party, after deducting taxes and its commissions for managing said trust, which commission is not to exceed five per cent. on the income. Second party is hereby authorized to sell or dispose of any of said property, or to collect any of the aforesaid notes or securities of said trust property arising from any source, either by loaning the same upon good personal or mortgage security, or investing the same in interest-bearing stocks and bonds, or in real estate, as it may see fit, and from time to time may transfer, collect, or change said investment and reinvest the proceeds as afore-

said." The company, under this deed, proceeded to manage and take care of the estate until Mrs. Fishback's death, on May 10, 1898. Suit being brought by the company to settle the trust estate, the city filed its answer, praying to be made a party, and for a lien upon the property in the hands of the trustee for taxes claimed to be due the city of Lexington for the years 1896, 1897, 1898 and 1899. The circuit court adjudged that the property in the hands of the trust company was not subject to taxation by the city.

From the undenied averments of the pleadings it appears that Mrs. Fishback for about fifteen years before her death had been a resident of Jefferson county, that the notes covered by the deed of trust are not secured by mortgage upon property in Lexington, and that the remainder-men who are entitled to the assets are not residents of Lexington, excepting three who are entitled to three-fifty-sixths of the estate. The main question for decision, therefore, is whether personal property held by a trustee is taxable at the residence of the trustee, or of the beneficiary. There can be no doubt that the general rule is that the situs of personal property is presumed to be that of the domicile of the owner, and is there taxable. This has been too frequently decided in this and other States to admit of question. Com. v. Hays, 8 B. Mon. 1; Thomas v. Mason County Court, 4 Bush, 136. The averment in appellee's reply, therefore, that none of the makers of the notes which compose the estate in question resides in Lexington, and that none of the notes is secured by mortgage or lien upon realty in that city, is immaterial, and, indeed, seems to have been made solely for the purpose of bringing the property involved within the supposed scope of the reasoning in the Sherley case, 80 Ky., 71. There seems, also, little doubt, and it may be conceded, that the presumption as to the

situs of personalty for purposes of taxation is subject to be overcome, and is generally controlled, by statute. Under the deed of trust, Mrs. Fishback had a life estate in the property, as she had before it was executed. Both before and after the execution of the trust deed it was her duty, as life tenant, to keep down "rates, tithes, and taxes." That duty was in no respect changed by the deed of trust, except that by that instrument an agency was created which undertook to perform that duty for her. Before the execution of the deed the property was taxable at the place of her residence, for she was the life tenant, and had both the legal and the equitable title. The deed of trust vested the legal title and the possession of the trust company, reserving to the life tenant the right of permanency of profits. Did this change in any way change the situs of the property for taxation? In other words, is personalty taxable at the residence of the legal title holder, or at that of the beneficial owner? The general provisions of the statutes are as follows:

"Section 4023. The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property, on the fifteenth day of September of the year the assessment is made, shall be liable for the taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment.

"Section 4024. All estate, real and personal, and all interest in such estate, named and specified in the taxbook, shall be assessed for taxation, and the tax paid by the owners thereof to the persons authorized by law to receive the same, unless otherwise specially provided."

In general it may be said that the provision in section

4024 that the tax shall be paid by the owner of the property would, in this State, be considered to mean the beneficial owner,   And so in the preceding section we find a provision that while, as against the State, the holder of the legal title, the beneficial owner and the bailee in possession are all liable for the tax, nevertheless, as between themselves, the responsibility both for listing the property and for payment of the taxes is upon the beneficial owner.   By other sections it is provided that a person holding a lien on the property, or an occupant or a tenant of land, or a bailee or person in possession of personal property, may, under proper circumstances, pay the tax, and be subrogated to the rights of the Commonwealth, and be entitled to a lien upon the property; and a similar provision is made as to joint tenants.  Sections 4032-4035.   Wherever the distinction is made, the aim of the statute seems to be to make the holder of the equitable title primarily liable for the tax.   So in section 4058 we find that every executor or administrator, guardian or trustee, is required to list property held by him in such capacity "separate from his own and in the name of the real owner, and show by whom listed."   This section is cited for appellant to show that such property is taxable at the residence of the fiduciary, as it seems to require the listing to be at his residence. But, if regarded in this light, it proves too much, for that construction would also make the property of a ward listable and taxable at the residence of the guardian, which this court, in the Sherley case, 80 Ky., 71, has held was not the law.   But we think the requirement is one to prevent property escaping taxation by reason of the fiduciary and beneficiary having different residences, and to that end is a requirement that the fiduciary shall, in the county of his own residence, answer the question as to what property, if any,

he holds in such capacity, and shall list property so held by him separate from his own, in the name of the real or beneficial owner, at the place where such property is properly taxable. The requirement that such property shall be listed separate from his own and in the name of the real owner favors this construction.

But appellant also relies upon sections 3174, 3179, Kentucky Statutes, being sections of the act of March, 1894, for the government of cities of the second class. Section 3174 provides in general terms for a revenue for the city from an ad valorem tax, by the assessment of all real and personal estate within the corporate limits thereof subject to taxation for State purposes. This section seems to show nothing upon the question of whether the situs of personalty follows the residence of the real owner, or that of the legal title owner. Section 3179 requires notice to be given by the assessor "that all persons owning or having in their possession or under their control as agent, guardian, committee, executor, administrator, curator, trustee, receiver, commissioner or otherwise, tangible or intangible property on the fifteenth day of September following, are required on or before the first day of October to give him a true and complete list of the same, with true cash value thereof," etc. But we think this provision is a requirement merely that property shall be listed which is taxable in the city, and that this statute does not at all settle the question now before us. There is nothing, we think, in the sections to which we have been cited to alter the presumption arising from a fair construction of sections 4023 and 4024 that, as the beneficial owner is made primarily responsible for the taxes, his residence is the situs of the property for taxation. It is true that it is laid down by the text writers that, in general,

the residence of the "trustee, executor, or guardian" is the situs of personalty for purposes of taxation. Cooley, Tax'n (2d Ed.), 375; Burroughs, Tax'n, 223, 224. But this rule appears, in general, to be the result of the construction given to statutes upon the subject.

When we come to the consideration of the authorities in this State upon the subject, there seems little difficulty. In the case of City of Louisville v. Sherley, 80 Ky., 71, the guardian lived in the city of Louisville, and the wards continued their residence at the domicile of their parents outside of the city limits. In that case it was held—and no question has ever been made of the absolute propriety of the decision—that: "The proper place to list personal property in this State, or rather, its value under the equalization law, is in the county where the owner lives; and, as to the infants living in the county of Jefferson, their personal estate should have been listed with the county assessor. This property is subject to taxation for State and county purposes, but not for the support of the city government." There is considerable argument in the opinion to the effect that the wards derived no benefit from city taxation, as the security of their personalty was provided by the machinery of the State government, and as they were not entitled to the benefits of the public-school system of the city. Some argument is attempted to be drawn on behalf of appellant here from the fact that the trustee in this case does obtain benefits from the city government of Lexington, which inure to the benefit of its *cestui que trust*, in the way of police protection, facilities for attending to the beneficiary's business, etc. To this it may be replied that no more benefit is received by the beneficiary in the case at bar than was received by the infants in the Sherley case. In the one case the

trustee, and in the other case the guardian, had the advantage of attending to the beneficiary's business in a large and populous city, and were responsible for such city taxation as might properly be imposed upon such business. In the Sherley case both the legal and equitable titles were in the ward. The ward's domicile had never been changed from the county to the city; the guardian had neither the legal nor the equitable title, but was a mere custodian or agent for the ward; and the property was properly taxable outside the city. In that case, also, the court disclaimed any intention to consider the question before it as applicable to a case of investment for the benefit of nonresidents, and the same may be said of the present opinion. Baldwin v. Shine, 84 Ky., 512, (2 S. W., 164), was a case where the property was in the hands of a Kentucky administrator, and the claim was made that, as the persons who would be entitled to it upon settlement were nonresidents, it was not taxable at the residence of the administrator. Said the court, through Judge Holt, in that case: "Here the estate was taken in charge by the Kentucky administrator. The legal title was in him, the estate followed him and was annexed to his person, thereby having an actual situs in this State, by the law of which it was protected." Some stress is laid on behalf of appellant upon the language "the legal title was in him." The whole title was in him. It was a principle of the common law that the title to a decedent's personal estate passed to his personal representative. So long as it is in the hands of the personal representative in process of settlement, the entire title is in the personal representative, and it is not until the estate has been settled, and the distributees or legatees can demand their share, that they have any beneficial ownership. So it has

been distinctly held in the case of Boske v. Safety-Vault
Co. (Ky.), 56 S. W., 524, in which case Judge White, deliv-
ering the opinion of the court, said, with reference to the
cases of City of Louisville v. Sherley, *supra*, Baldwin v.
Shine, *supra*, and Harting's Ex'r v. City of Lexington
(Ky.), 43 S. W., 415: "These cases are not in conflict, but
simply mean that while an estate is in the hands of an ad-
ministrator or executor, in process of settlement, and be-
fore the distributee or devisee is entitled to be paid his
share, the property must be listed by the administrator or
executor as of his domicile; but when there is no further
need of an administrator or executor, and the distributee
or devisee can legally demand his share, the property be-
comes taxable at the domicile of the owner, whether it be
fee or for life. As to the funds in the hands of a guardian,
it has been fixed and determined as to who is the real
owner, as well as the amount due the ward, and this prop-
erty is taxable at the domicile of the ward." In Hart-
ing's Ex'r v. City of Lexington (Ky.), 43 S. W., 415, two
executors were appointed by the will of the testator, one
of whom was given an estate for life in the property. The
estate was settled promptly, but the two executors con-
tinued to manage the estate jointly, as if it had been held
by them in trust. The life tenant lived in the city of
Lexington. Her brother, who was the other executor,
lived outside of the city, and attended to most of the man-
agement of the estate. It was contended that the prop-
erty was taxable at his residence. Said this court, through
Judge Paynter: "Counsel for appellant argues the case
as if Hillenmeyer was a trustee of the estate, and the
sole one. Jane Harting lives in the city of Lexington,
and has never married. The income of the estate has
been invested, together with the estate, except that used

by the widow, and all treated by her as the estate which her husband left. Under the will of her husband she is entitled to the use of the entire estate during her life or widowhood. She has a life estate in the property which her husband devised, and, if she elected to claim the income from the estate, she would be entitled to it. The one who holds the estate for life is required to pay the tax upon the estate so held. She certainly would be liable for municipal taxes on all the estate which her husband devised. We can see no reason why, if the estate under the will was held in trust, that the situs of the intangible personal estate should be where Hillenmeyer resides, any more than where the executrix resides. Were the estate so held, in view of the fact that one of the trustees lives in Lexington, and that trustee being a beneficiary, we are of the opinion that the situs of the intangible personal estate is in Lexington." Here we see that the property, though treated as a trust estate, was taxed at the residence of the beneficial or real owner.

Considerable argument has been advanced as to the possibility of escaping taxation altogether upon personalty if it shall be regarded as taxable at the residence of the beneficiary, and not at that of the trustee. On the other hand, it is urged that a different construction will work great hardship to corporations and others who make a business of seeking such fiducial business, and to beneficiaries whose property is in the hands of city trustees. These arguments, however, seem to us more properly to be addressed to the discretion of the lawmaking power, in whose hands the whole matter rests. We think the legislative intention has been expressed in favor of taxing such property at the residence of the real or beneficial owner. The judgment is therefore affirmed.