O'Callaghan's Exr's. v. City of Owensboro.

CASE 85—ACTION TO PREVENT PAYMENT OF TAXES OUT OF FUND AT-
TACHED, AND TO HAVE ASSESSMENT DECLARED VOID—Oct. 18.

# O'Callaghan's Exr's. v. City of Owensboro.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR DEFENDANT ·AND PLAINTIFFS APPEAL. REVERSED.

TAXATION—MONEY IN HANDS OF AGENT OF NON-RESIDENT—GIFT TO
AVOID TAXATION.

Held: 1. Money in the hands of an agent is taxable at the resi-
dence of the principal, and not at the residence of the agent.

2. A gift of money by one brother to another, evidenced by writ-
ing, was valid as against a claim for municipal taxes thereafter
assessed against the donor, though the gift was made to avoid
the payment of taxes by the donor, and the money was left in
his hands as agent of the donee, who resided elsewhere.

P. B. & UPTON W. MUIR, ATTORNEYS FOR NAZARETH LIT. & BEN.
INSTITUTION.

1 Our contention is that the record fails to show that any taxes
were or are due from either Eugene O'Callaghan or Jerry
O'Callaghan to the city of Owensboro. No tax bills were ever
filed nor does it appear that any valid assessment was ever made
by competent authority or any oportunity ever given either
of the O'Callaghans to complain of the assessment, if one was
made, or to demand the revision provided by law. To establish
such a tax liability every thing necessary to create it must be
shown to have been done by the corporate authorities. That
which is not shown is presumed not to have been done.

2. Our second contention is, that the money garnisheed as the
property of Jerry O'Callaghan was owned by Eugene O'Callag-
han during all the years of the pretended assessment against
Jerry O'Callahan.    It is conceded that at some time before
the year 1891, the money attempted to be taxed belonged to
Jerry, and it may also be conceded that during, or before, the
year 1891 he gave it to Eugene to relieve it from city taxation,
still if he, in fact, made the gift, the city had no right to as-
sess it as the property of the donor, as the city claims to have
done.   However, the contention of the city is, as we suppose,
that no legal or valid gift was ever made except in mere

form, that the transfer was a mere sham; that Jerry still continued to be the owner and fraudulently used the name of his brother to escape taxation. And the court is asked without evidence to hold this contention true in face of the legal maxim, that fraud is never to be presumed but must always be proved.

3. Our third contention is that if Eugene was the owner and was at the time a resident of Nelson or Marion county, the property was not subject to taxation in the city of Owensboro.

### CASES CITED.

Williamson v. Yager, 91 Ky., 282; Beatty v. Lane, 6 Bush, 589; Barton v. Barton, 80 Ky., 212; also cases cited by Mr. Kelly.

JOHN S. KELLY, ATTORNEY FOR APPELLANT.

### AUTHORITIES CITED.

1. When the right of a city to appropriate the property of the citizen for municipal purposes is challenged, the burden is on the city to show that it is exercising this sovereign power according to the terms of the authority granted and in the manner prescribed in the grant:    25th Am. & Eng. Ency. of Law, p. 186; Caldwell, &c., v. Rupert, 10 Bush, 182; section 3403, Kentucky Statutes; Bate &c. v. Speed, &c., 10 Bush, 647; Kentucky Statutes, secs. 3393, 3390, 3387 and 3377; L. & N. R. Co. v. Com., 89 Ky., 541; Slaughter v. City of Louisville, 89 Ky., 123; Price v. Trustees of Bellevue, 1 Ky. Law Rep., 276; Vol. 1, Acts of Kentucky Legislature, 1881; Godfrey v. Godfrey, 17 Ind., 6, (cited) 9 Am. & Eng. Ency., 418.

2. In general, movable property is to be assessed for taxation at the place of the owner's residence  .  .  .  That situs of an indebtedness is the residence of the legal owner of that indebtedness Gates v. Barrett, 79 Ky., 286, Baldwin v. Shine, &c., 84 Ky., 512; Spalding, Master Com'r. v. Commonwealth, 88th Ky., 141; City of Louisville v. Sherley, &c., 80th Ky., 76; Bath Savings Inst. v. Hathorn, 51 A. S. R., 388; Pomeroy's Eq. Juris., sec. 1149; Payne v. Powell, 5th Bush, 652; Gordon v. Young's Admr., Ky. Law Rep., vol. 10, 681; Gable v. Gable's Admr., 12 Ky. Law Rep., 358.

3. A gift *inter vivos* is irrevocable, although the donor, by the express consent of the donee, may retain control of the property after the transfer. Subsequent possession by the donor, if satisfactorily explained, will not divest donee of title. Actual manual delivery to the donee is not necessary to constitute a valid gift *inter vivos;* it may be constructive, or to an agent, or another for donee's use.

O'Callaghan's Exr's. v. City of Owensboro.

8 Am. & Eng. Ency., 1317; Whitford v. Horn, 18 Kans., 455; Elam v. Keen, Am. Dec., vol. 26, 322; Hillbrant v. Brewer, Am. Dec., vol. 55, p. 757; Camp's Appeal, 4 Am. Rep., 39; Hill v. Stevenson, 18 Am. Rep., 237; Crook v. First National Bank of Baraboo, 35 A. S. R., 20; Howard v. Windham Co. Sav. Bank, 40 Vt., 597; Love v. Francis, 6 A. S. R., 296 (note); Blake v. Jones, 21 Am. Dec., 530; 8th Am. & Eng. Ency., 1332; Beaver v. Beaver, 15 A. S. R., 531; 8th Am. & Eng. Ency., 1339.

CHAPEZE WATHEN, FOR APPELLEES.

### POINTS AND AUTHORITIES.

The property assessed was the property of Jeremiah O'Callaghan.

A gift is a fact, and, like any other, is a question for the jury. Am. & Eng. Ency., 1336.

Again, same author says: "The right to a gift largely depends on the meaning and intention of the donor as governed by all the circumstances of the case.

The deposition of Eugene O'Callaghan given in the case of the sheriff of Daviess county against Jeremiah O'Callaghan was competent in this case as an admission by him.          Helm v. Handley, 1st Littell, p. 220.

The city tax collector had authority to institute the garnishment proceedings in the county court.  Section 3390, Ky. Stats.; sec. 3393, Ky. Stats.; sec. 4184, Kentucky Statutes.

In such proceedings the only defense to be made is:

1. That the property had never been assessed.
2. That the property is not subject to taxation.
3. That the taxes have been paid.  Section 4189, Ky. Stats.

Conceding that Jeremiah O'Callaghan was not the owner of the property, he was the bailee in possession, and, as such, liable for the taxes.  Sections 3337 and 4023, Ky. Stats.; Commonwealth v. Gaines & Co., 80 Ky., p. 489.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In 1896 the appellee, city of Owensboro, by its officers, attempted to garnishee in the hands of certain banks in the city of Owensboro funds sufficient to pay taxes that had been assessed against Jerry O'Callaghan, these taxes being for the years 1891, 1892, 1893, 1894, 1895, and 1896, and amounted to something over $5,000.  These garnish-

ments were returned to the county court, and were all con-
solidated. The appellants, as executors, filed their ac-
tions in the Daviess circuit court seeking an injunction
to prevent the payment of the taxes out of the attached
fund, and to have the assessment of the property declared
void, the claim being that Jerry O'Callaghan had no prop-
erty subject to taxation, or at all, and that the property,
deposits in bank, were due to Eugene O'Callaghan, and
were managed by Jerry O'Callaghan, as the agent of
Eugene O'Callaghan; that the property was not liable
to taxation in the city of Owensboro as the prop-
erty of Eugene O'Callaghan, because he had not dur-
ing those years resided in that city, but had at all times
resided in the county of Marion, in this State, where the
property was taxable, if at all. At all events, appellants
claimed the garnished funds as the property of Eugene
O'Callaghan, deceased, and that it passed to them as his
executors. The whole proceeding in the county court
was, by consent of all parties, transferred to the circuit
court, and heard with the case there. Jerry O'Cal-
laghan gave his deposition in the case, as did the former
cashier of the bank that held the deposit that had been
assessed for taxation. It is shown without contradic-
tion that in 1887, prior to any assessment in question, Jer-
ry O'Callaghan made a gift to Eugene O'Callaghan, his
brother, of all his property, which consisted principally of
cash, and amounted to about $40,000. This was done
in writing, and at the same time Eugene O'Callaghan gave
to his brother, Jerry, a power of attorney to manage and
control the funds as his agent, and invest same in any
way that Jerry deemed best. It is shown that in 1888
Jerry O'Callaghan took a certificate of deposit from the
bank, reading "Re'd of J. O'Callaghan, Agt. and Atty. in

Fact for the Rev. Father E. O'Callaghan," etc.   These deposits drew interest, and at the end of each six months a new receipt would be executed for the principal and the accrued interest added, less any sums drawn out by Jerry O'Callaghan's checks, usually about twelve dollars per month.   These deposits were kept in the name of Eugene O'Callaghan up till after his death, when, except the sums attached, the whole balance was paid to appellants as the executors of Eugene O'Callaghan.   Jerry O'Callaghan testified that the gift in 1887 was absolute, and without reservation, and that he had no interest whatever, and claimed none whatever, in the funds deposited.   In October, 1891, Jerry O'Callaghan signed and acknowledged an instrument showing the gift to Eugene, in lieu of the former, which had been destroyed by fire.   This latter instrument was recorded in the county clerk's office of Daviess county.   It is shown that prior to the gift in 1887 Jerry O'Callaghan had been compelled to pay some $4,000 in back taxes due, and was averse to paying taxes.   It is therefore insisted by counsel for appellee that this gift or pretended gift was not *bona fide* and real, but was simply an effort to evade the payment of taxes to the city, and that the court can say that Jerry O'Callaghan was the real owner of the property, and owed the taxes.   It is admitted that Eugene O'Callaghan was a resident of this State and of Marion county.   If the property was in fact that of Eugene O'Callaghan, he being a resident of the State, it is now well settled that it was taxable at his residence, and not at the residence of the agent.   If the property was that of Eugene O'Callaghan, it was not taxable by appellee.   Sherley Case, 80 Ky., 76 (3 R., 566) Boske   v.   Vault Co., (22 R. 182) (56 S. W., 524);   City of

Lexington v. Fishback's Trustees 109 Ky., 770 (22 R. 1392) (60 S. W., 727). We are of opinion that this gift *inter vivos* is fully proven to have been made, and public record made thereof, and that, whatever might have been the motive prompting Jerry O'Callaghan so to do, the title passed absolutely to Eugene O'Callaghan, except, of course, to then existing creditors, of whom there were none. Jerry O'Callaghan had a perfect right, if he so desired, to give his property to whomsoever he pleased; and, if this gift removed the situs of the property from the taxing jurisdiction of appellee, there is no remedy. While taxes are certain, it has never been held, so far as we are advised, that taxes to be due in the future, and for years in the future, are a debt, so that the sovereign or taxing power could have a gift declared void as a then existing creditor. It is always held that, if the property exists, it will be taxable somewhere, and the vigilant tax officials will always assess the property that has a situs in their jurisdiction, and that no property will escape. The taxes are due from the owner of the property, and are always assessable to the owner or title holder. In the case here it is clear and conclusively shown that, as between these two parties, the title and ownership of this property passed absolutely by the gift, and is irrevocable by Jerry O'Callaghan, even if he desired, which he disclaimed any intention or desire to do. The property being that of Eugene O'Callaghan, it was not taxable in Owensboro, and the deposit in bank should have been adjudged to appellants, as his personal representatives. It is not clear that this gift was for the purpose of evading taxes in the city. The facts appear that Eugene O'Callaghan was the only relative of Jerry, and was eight years the junior, so it might reasonably be expected that Eugene would survive, and in-

herit the whole property from his brother, so that the gift from the old gentleman may be said to be the ordinary and natural thing that might have been expected.

For the reasons indicated, the judgment is reversed, and cause remanded for judgment in accordance herewith.