## Commonwealth, By, et al. v. Camden, Jr.

(Decided February 21, 1911.)

### Appeal from Woodford Circuit Court.

Revenue and Taxation—When and Where Estate of Decedent to be assessed by Personal Representative.—While the estate of a decedent is in the hands of a personal representative for settlement and distribution, it should be assessed for taxation by him at the domicile of the decedent, whether it be in or out of this State. The heir or devisee can not be required to list for assessment his interest while the estate is in process of settlement by the personal representative. This rule applies to the estates of non-residents as well as residents.

R. J. O'MAHONEY, GEO. C. WEBB and WILL D. JESSE for appellant.

W. O. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This proceeding was instituted by a revenue agent in the name and on behalf of the Commonwealth and Woodford county against the appellee Camden for the purpose of requiring him to assess as of the first day of September, 1908, certain intangible personal property consisting of stocks, bonds and other evidences of debt devised to him by the will of his father, J. M. Camden, Sr.

J. M. Camden, Sr., died in April, 1908, a resident of Parkersburg, Wood county, West Virginia, leaving a will which was duly probated on April 28, 1908, in the probate court of the county of his residence. The chief beneficiaries of his will are his widow and two children— Mrs. Spillman and the appellee—the former two being residents of Parkersburg, West Virginia, and the latter a resident of Woodford county, Kentucky. The testator, who had a large estate, appointed as the executors of his will his children before mentioned, Sprigg D. Camden and the Union Trust & Deposit Company of Parkersburg; and these persons, together with the trust company, were also appointed trustees of the estate under the will. On April 30, 1908, the trust company qualified as sole executor, the other named executors declining to act, and on the date of its qualification took possession of the estate of the testator and retained the full control and custody thereof until December 29, 1908, when, hav-

ing fully performed all the duties resting upon it as executor, it surrendered the trust and turned over to the trustees of the will all the property that came into its hands as executor.

It will be observed that at the time it was sought to have the appellee list the personal property received under the will of his father, it was in the control and possession of the West Virginia executor for the purpose of settling the estate. And so the question presented is, should a resident devisee under the will of a non-resident be required to list for taxation at the place of his residence the intangible personal estate devised to him by the will while such personal estate is in the custody and possession of the foreign executor for the purpose of settling and distributing the estate under the will and the laws of the State where the will was admitted to probate? In the consideration of this question, and so that it may be definitely disposed of, we will assume that the resident devisee, Camden, was at the time it was sought to require him to make the assessment the beneficial owner of the estate, subject to the indebtedness of the testator, that it is claimed should have been assessed, and that upon a settlement and distribution of the estate by the executor he would after the payment of debts against the estate be placed in the beneficial possession of the share given to him by the will.

The West Virginia Statute provides in part that:

"A personal representative shall not be compelled to pay any legacy given by the will or make distribution of the estate of his decedent until after a year from the date of the order conferring authority on the first executor or administrator of such decedent.    *    *    *"

And the will of the testator directed that "no distribution or payment of income shall commence to be made until practically one year from my death." Observing the direction in the statute as well as the will, there was no unreasonable delay on the part of the executor in settling and distributing the estate, as at the date it was sought to assess it, the estate had only been in the hands of the executor about four months. But, if the contention of counsel is to be sustained, it is the duty of the resident devisee to assess at the place of his residence his interest in the estate at the first assessing period after probate of the will and the qualification of the personal representative, without reference to whether the

personal representative has had time or opportunity to make a settlement or distribution. If the estate in the hands of the personal representative for settlement and distribution is assessable to the devisee before a settlement and distribution has been or should have been made, there is no reason why it should not be assessable to him even before the personal representative has qualified if the assessing period happens to come at a date after the probate of the will and before his qualification. If the duty of the devisee to assess his interest in the estate grows out of the fact that he is the beneficial owner of it, and no other circumstance is to be considered, then the heir is as much the beneficial owner before an executor is qualified as he is while the estate is in process of settlement, and hence the duty to assess arises as soon as his share in the estate falls into his hands by the probate of the will. It would also follow that the same rule should be applied in the case of intestacy and, therefore, the heir should be charged with the assessment of his interest upon the death of the person from whom he receives it under the law of descent and distribution. We do not think counsel would say the rule should be carried this far, but, looking to the reason of the thing, there seems to be no material difference in requiring the heir or devisee to assess his share before the qualification of the personal representative and requiring him to do so after the qualification, but while the estate is in his custody for settlement and before a distribution is or should have been made. But, we are not disposed to agree with counsel in the insistence that the estate is assessable to the devisee while in the hands of the executor or personal representative for settlement and before a distribution has or should have been made. On the contrary our opinion is that the estate of a decedent in the hands of his personal representative for settlement and before a distribution is or should be made is assessable by the personal representative at the place of his official residence. And this is true whether the personal representative resides in this State or out of it. We see no reason why the same rule should not be applied to the estate of a non-resident testator as would be applied to a resident testator. There is no more reason why the devisee of a non-resident testator should be required to list for assessment and taxation his interest in the estate pending its settlement and distribution by the personal representative than there

would be for requiring a resident devisee to list for assessment and taxation his interest in the estate of a resident testator while the estate was being settled by the resident personal representative. The reason is the same in one case as it would be in the other. In both, it is rested upon the proposition that while the estate is in the hands of the personal representative for settlement and before it is or should be distributed, the heir or devisee can not know with certainty the amount he will receive. And during this period the title is deemed to be in the personal representative for purposes of administration and taxation. It is both convenient and just to the beneficiaries of the estate as well as the taxing authorities that the personal representative in whose custody the estate is and who for the time being takes the place of the decedent should list the estate for assessment and taxation at the domicile of the decedent. Cooley on Taxation, volume 1, page 664; the American Law of Administration, volume 2, page 691; Commonwealth v. Peebles, 134 Ky., 121. Or, as said by Borrough on Taxation, section 98:

"The personal property of decedents is taxed at the domicile of the decedent to the person having the legal title, and not in the name of the deceased person. During the settlement of the estate it must have a situs somewhere, and none so appropriate as where the decedent lived. When the estate is settled and paid to the heirs and legatees, it is then assessed to such persons at their residence."

Section 4023, of the Kentucky Statutes, provides that:

"An administrator, executor, trustee, committee, curator or agent residing in the State shall not be liable for taxes on intangible personal property, where the real or beneficial owner of such intangible personal property, held by them or any of them, resides outside of the State; but this exemption shall not apply in the case of an executor or administrator in the exercise of his office as personal representative while the estate of a deceased person is in process of settlement and before the share of the non-resident legatee or beneficiary is set apart to him, or before said legatee is entitled to be paid his share. *   *   * "

Under this statute, no matter where the real or beneficial owner of intangible personal property resides, the interest in the estate of the decedent to which he is en-

titled while the estate is in the hands of the personal
representative for settlement and before the share of
the beneficiary is set apart to him, or he is entitled to
receive it, is assessable at the place where the personal
representative qualified. But, after the interest has been
set apart to the beneficiary, or after the time he is en-
titled to receive it, then his interest is not subject to tax-
ation in this State if the beneficiary resides out of the
State. And we should say that the situs of intangible
personal property for taxation as declared in this stat-
ute applies to resident as well as non-resident bene-
ficiaries; and that while the estate is in process of settle-
ment and before the share of the beneficiary is set apart
to him or he becomes entitled to it, it should be listed by
the personal representative at the place of his qualifica-
tion and not by the beneficiary at his place of residence.

We think that the paragraph in section 4020 of the
Kentucky Statutes, providing that the:

"Situs of intangible personal property for purposes
of taxation shall be at the residence of the real or bene-
ficial owner, and not at the residence of the fiduciary or
agent having the custody or possession of same."

Has reference to a State of case in which the share
of the beneficiary has been set apart to him or he is en-
titled to receive it, and not to a state of case in which
the estate including the interest of the beneficiary is in
process of settlement. This has been the uniform con-
struction given by the court to this and similar statutes.
Thus, in Boske v. Security Trust & Safety Vault Co., 22
Ky. Law Rep., 181, the court in commenting upon the
cases of Louisville v. Sherley, 80 Ky., 71; Baldwin v.
Shine, 84 Ky., 512, and Harting's Exr. v. City of Lex-
ington, 19 Ky. Law Rep., 1829, said:

"These cases are not in conflict but simply mean that
while an estate is in the hands of an administrator or
executor in process of settlement, and before the dis-
tributee or devisee is entitled to be paid his share, the
property must be listed by the administrator or executor
as of his domicile; but, when there is no further need of
an administrator or executor, and the distributee or
devisee can legally demand his share, the property be-
comes taxable at the domicile of the owner, whether
it be fee or for life."

In City of Lexington v. Fishback's Trustee, 109 Ky.,
770, the principle in the Boske case was approved, and
it was further said:

"It was a principle of the common law that the title to a decedent's personal estate passed to his personal representative. So long as it is in the hands of the personal representative in process of settlement, the entire title is in the personal representative, and it is not until the estate has been settled and the distributees or legatees can demand their share that they have any beneficial ownership."

In Leavell's Admr v. Arnold, 131 Ky., 426, the court said:

"Complaint is also made that the executor was required to list the property in his hands as of date September 15, 1907, for taxes for the year 1908. We are unable to understand upon what ground this objection is based. The statute lays upon all estate, real and personal, the burden of taxation, except such as is especially exempted. * * * At the time it was listed for taxation it was still a part of the estate of Lewis Y. Leavell, and, being such, the law imposed upon the executor the duty of listing same for taxation without regard to the purpose for which it was to be used after it passed from his hands."

In Spalding v. Commonwealth, 88 Ky., 135, it was held that it was proper for the receiver of a court into whose custody had been committed an estate, to list the same and pay the taxes thereon. In answering the argument that the assessment should have been made and the taxes paid by the heirs or distributes entitled to the estate in the hands of the receiver, the court said:

"Here was the estate of a decedent under the control of the court. It was yet to be distributed. It was yet uncertain to whom it belonged, or, at least, what portion, if anything, each heir would finally receive. From the very necessity of the case it was proper for the court to consent that another tribunal might direct its receiver to list the estate in his hands, or, what would have been preferable, it should itself have directed its officer to go and list it and pay the taxes. * * * Even if by reason of the averment in the answer of ownership in the heirs it can be said that the owners were known, yet there had been no distribution of it to each of them—its situs had not changed—and one of them in giving in his list could not take into consideration any of this estate, because he could not tell what he would ever get, if any of it. * * * If the heir alone were proceeded against,

he could very well say, there has been no distribution of the estate. I do not know the value of my interest, if I have any, or what I will ultimately receive.''

In Youtsey v. Commonwealth, 110 Ky., 555, the principle announced in the Spalding case was extended to embrace the estate of an insolvent corporation in the hands of the court's commissioner under an assignment for the benefit of creditors, before there had been an order of distribution.

Although, as pointed out in briefs of counsel, the Legislature has more than once changed the revenue laws to conform to or avoid the effect of a decision of this court, it has never disturbed the principle announced in these cases, that when an estate is in the hands of the court or a personal representative for settlement and distribution, it must be assessed for taxation by the court officer or the personal representative and not the beneficiaries of the fund. The first paragraph in section 4020 of the Kentucky Statutes, providing that:

"All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the same be in or out of the State, including intangible property, * * * shall be subject to taxation," merely announced a general principle of taxation. It does not attempt to fix the situs of personal property, intangible or otherwise, for the purpose of taxation. This is fixed by other parts of sections 4020, 4023, and other sections of the Kentucky Statutes.

We, therefore, conclude, first: That when an estate is in the hands of a resident or non-resident personal representative for settlement and distribution, and before the estate has been or should have been settled or distributed, the personal representative should list the estate in his hands for taxation and pay the taxes thereon at the place of his qualification, without regard to the residence of the beneficiaries or whether it be in or out of this State. Second: This rule applies without reference to the extent or character of the debts or demands against the estate.

In some instances this rule may impose a heavier burden upon resident beneficiaries than they would be required to bear if their shares were assessable at the place of their residence; in other instances, it may result in temporary loss to the State. But, upon the whole, it is

reasonable and practicable and will insure the payment of the taxes at the place of the domicile of the decedent, while the estate is in process of settlement.

Wherefore the judgment of the lower court dismissing the proceeding is affirmed.