CASE 53—ACTION FOR MANDAMUS—MAY 2.

# Board of Councilmen of City of Frankfort v. Stone, Auditor and Others.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

TAXATION OF FRANCHISE OF WATER COMPANY.

Held: Under Kentucky Statutes, section 3374, a part of the charter of cities of the third class, providing that "all real and personal estate within the city on the tenth day of January in the year in which the assessment shall be made, and of all corporations having their chief office or place of business in the city on said date, and the franchises of same, shall be subject to assessment and taxation for all local and municipal purposes," the franchise of the Frankfort Water Company, which has its chief office or place or business in the city of Frankfort, and which, while furnishing water to some persons outside the city, has no exclusive privilege, except as to persons in the city, is taxable by the city, though the pumping station, reservoirs, and a part of the mains are outside the city; and the State Board of Valuation has no power, under Id. section 4077, to apportion the valuation of the franchise between the city and the taxing districts outside the city, as the power of apportionment conferred by that section applies only to the carriers named in section 4081, which fixes the basis of apportionment.

T. H. CROCKETT CITY ATTORNEY AND IRA & W. H. JULIAN FOR APPELLANT.

1. Taxation must be equal and uniform "upon all property within the territorial limits of the authority levying the tax." Constitution, secs. 171-172-174; Bill of Rights, sec. 3; Board of C. of F. v. Scott, 19 Ky. Law Rep., 1068; Pence v. City of Frankfort, 19 Ky. Law Rep., 721.

2. The franchise of the Frankfort Water Company is situated within the corporate limits of the city of Frankfort. City of Newport v. Ringo's Ex'rx, 87 Ky., 635; Trimble v. City of Mt. Sterling. 11 Ky. Law Rep., 727; City of Newport v. Berry, 10 Ky. Law Rep., 539; City of Newport v. Berry, 14 Ky. Law Rep., 29; Ken-

Board of Councilmen of City of Frankfort v. Stone, Auditor and
Others.

tucky Statutes, secs. 4020 and 4022; Spring Valley Water Works
v. Barber, 99 Cal., 36.

3. A corporation can have but one domicile. Newport & Cin. Bridge
Co. v. Woolley, 78 Ky., 523; Galveston &c., Ry. Co. v. Gonzales,
151 U. S., 496.

4. There is no authority in the Auditor or Board of Valuation, to
apportion any franchise among local jurisdictions of this State,
except those of "railroad, telegraph, telephone, express, sleeping,
dining, palace or chair car companies, the lines of which ex-
tend beyond the limits of this State. Acts 1891-92-93, article 3,
sections 1-2-3-4 and 5.

5. The charter of cities of the third class expressly subjects the
franchise in controversy to taxation for purposes of the city of
Frankfort. Acts 1891-92-93, page 1091, sec. 104.

6. If there be any doubt in the mind of the court as to whether or
not the franchise of the Frankfort Water Company or any part
thereof is exempt from taxation for purposes of said city, the
benefit of the doubt should be given to the other residents there-
of, who are taxable for the purposes of said city upon all their
intangible property upon the principle that the legal "*situs*" of
all such property is at their domicile within the corporate limits
of the city. Phoenix Insurance Co. v. Tennessee, 161 U. S., 177.

7. The exhibits filed with the petition and amendment thereto are evi-
dence of the facts shown thereby. Civil Code, sec. 128.

8. As to the case generally. City of Sacramento v. Cal. Stage Co.,
12 Cal., 134; City of San Jose v. San Jose, &c., R. R. Co., 53
Cal., 475; Oswego Canal Co. v. City of Oswego, 6 Thompson &
Cook (N. Y. Supreme Court Reports), 673; Lancaster v. Clay-
ton, 86 Ky., 373.

JOHN W. RODMAN, ATTORNEY FOR APPELLEE, AND JOHN B. LIND-
SEY, OF COUNSEL.

There are two questions involved:

1. Whether the courts can or will control the discretion and judg-
ment of the State Board of Valuation and Assessment, the said
Board and the appellee contending that the acts and conclusions
of the said Board were properly taken and their decision con-
clusive and binding on the parties to this action.

2. If the court takes cognizance of the merits of the case, then the
question is, was the State Board's determination correct; that
the appellee's assessment for franchise should be apportioned be-
tween the appellant city and the taxing districts of Franklin
county outside the city of Frankfort?

Board of Councilmen of City of Frankfort v. Stone, Auditor and
Others.

NOTE.—The question is not whether the franchise of the Frank-
fort Water Company is subject to taxation for purposes of the
city of Frankfort, but what part of the franchise is subject to
assessment for taxation by said city.

3. Mandamus never lies to control discretion, but may be used to
compel its exercise.  Ohio Co. Ct. v. Newton, 79 Ky., 267.

4. Mandamus lies to compel an officer to perform only such duties
as are strictly ministerial, not to control his judgment or dis-
cretion.  Dickens v. Cave Hill C. Co., 93 Ky., 385; McDonald
v. Jenkins, 93 Ky., 249; Cassidy v. Young, 92 Ky., 227; Henderson
Bridge Co. v. Com., 17 Ky. Law Rep., 399; 99 Ky., 645; Adams
Express Co. v. Kentucky, 166 U. S.; Henderson Bridge Co. v.
Kentucky, 166 U. S., 150; Adams Express Co. v. Ohio, 166 U.
S., 171, 185, 225, and 165 U. S., 194 and 229; 99 Ky., 645; Ken-
tucky Statutes, secs. 4077 to 4083.

ADDITIONAL CITATIONS BY JOHN W. RODMAN.

Am. & Eng. Ency. of Law, vols. 14, 108, 109, and 110, and au-
thorities therein cited; Chase v. Blackstone Canal, 10 Pick.,
(Mass.), 244; Grey v. Bridge, 11 Pick., (Mass.), 189; Moss, Peti-
tioner, 18 Pick., (Mass.), 443; Louisville Warehouse Co. v. Com.,
decided on March 14, 1899.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

By articles of incorporation of the Frankfort Water
Company, its principal place of transacting business is
the city of Frankfort.   The general nature of the business
proposed to be transacted by the corporation is the con-
struction and operation of waterworks in and near the city
of Frankfort, for supplying the city and the inhabitants of
the city and of its vicinity with water for public and pri-
vate purposes.   The pumping station, reservoirs, and a part
of its mains are without the city.   Its tangible property
outside of the city was valued for the year 1895 at $54,540,
for the year 1896 at $55,000, for the year 1897 at $58,400.
Its tangible property within the city was valued for the
year 1895 at $20,460, for the year 1896 at $20,000, and for
the year 1897 at $16,520.   The State board of valuation fixed
the value of its franchise for the year 1895 at $88,740, for

the year 1896 at $85,000 and for the year 1897 at $79,891.
The board then apportioned the valuation of the franchise
between the city and the taxing districts outside of the
city substantially in the proportion that the tangible prop-
erty of the company was within the city or in the taxing
districts outside of the city; thus apportioning to the city
of the valuation of the franchise for the year 1895, $24,-
014.34, for the year 1896, $22,666.60, and for the year 1897,
$17,615.97. The city complains of this apportionment; in-
sisting that the board had no authority to apportion the
valuation of the franchise of the water company between
it and the taxing districts outside of the city, and that the
whole of it was taxable for city purposes. This is the
only question to be determined in the case.

Section 3374, Kentucky Statutes, for the government of
cities of the class to which Frankfort belongs, is as fol-
lows: "All real and personal estate within the city on the
tenth day of January in the year in which the assessment
shall be made, and all corporations having their chief of-
fice or place of business in the city on said date and the
franchises of same, shall be subject to assessment and
taxation for all local and municipal purposes, unless ex-
empt from taxation by the Constitution, and the same
shall be assessed at its fair cash value estimated at the
price it would bring at a fair, voluntary sale." It is con-
ceded that the chief office or place of business of the water
company is in Frankfort, and, unless this section is mod-
ified by some other provision of the statute, its franchise
is subject to assessment and taxation by the city.

Section 4077, Kentucky Statutes, provides: "Every rail-
way company or corporation and every incorporated bank,
trust company, guarantee or security company, gas com-
pany, water company, ferry company, bridge company,

street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace car company, dining car company, sleeping car company, chair car company and every other like company, corporation or association, also every other corporation, company or association, having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State and a local tax thereon to the county, incorporated city, town and taxing district where its franchise may be exercised. The auditor, treasurer and Secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section four thousand and ninety-five of this article, the place or places where such local taxes are to be paid by other corporations on their franchises, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the board of valuation and assessment, and for the discharge of such other duties as may be imposed on them by this act. The auditor shall be chairman of said board, and shall convene the same from time to time as the business of the board may require." It is insisted that under this section the board of valuation had authority to determine how the tax on the franchise of the water company should be apportioned between the city and the taxing districts outside of the city, in which a larger part of its tangible property was situated; but it will be observed that the section refers

to a number of corporations, such as railroads, telegraph, telephone, express, sleeping, palace, dining, or chair car companies, which, from the nature of the case, are not ordinarily confined to one jurisdiction; and section 4081 provides how the valuation of the franchise shall be apportioned in the case of such corporations, in these words: "Such corporate franchise shall be liable to taxation in each county, incorporated city, town or district through or into which such lines pass, or are operated, in the same proportion that the length of the line in such county, city, town or district bears to the whole length of lines in the State, less the value of any tangible property assessed or liable to assessment in any such county, city, town, or taxing district." This is the only provision in the entire article directing how an apportionment shall be made; and, if the board of valuation have the power to make an apportion-ment of the franchise tax of any of the other corporations to be assessed under section 4077, it is clear that the statute has prescribed no basis on which the apportion-ment is to be made.

It would seem, therefore, that section 4081 must be read in connection with section 4077, and that the appor-tionment which the board of valuation is authorized to make by section 4077 is that prescribed by section 4081; for, if the Legislature had intended to empower the board to apportion the franchise tax of other corporations be-tween different jurisdictions, it is hard to understand why section 4081 should have been expressly limited to the corporations named in it. Banks, trust companies, guar-anty companies, and the like, exercise their franchises throughout the State to some extent, and no apportion-ment of their franchise tax among the different jurisdic-

tions would be practicable. Not only so, but these sec-tions must be read with section 3374, above quoted, which was enacted by the same Legislature, and plainly contem-plates the taxation by the city of the franchises of all corporations, like the water company, having their chief office or place of business in the city. Moreover, the rec-ord shows that in every substantial sense the franchise of the Frankfort Water Company is exercised only in Frank-fort.

While the purpose of the company, as set out in its ar-ticles of incorporation filed in the county clerk's office, was to furnish the inhabitantts of the city and vicinity with water, and it does furnish water to some persons outside the city, it has no exclusive privilege as to persons outside of the city. The franchise primarily in view un-der section 4077 is any special or exclusive privilege not allowed by law to natural persons. The special or exclu-sive privileges of the Frankfort Water Company were con-ferred upon it by the ordinance of the city council adopted July 28, 1884, and by the act of the General Assembly entitled, "An act for the benefit of the water company of Frankfort, Kentucky," approved March 11, 1886. By the ordinance the franchise was granted the water company to construct and operate, in and near the city, waterworks for supplying the city and the inhabitants of the city and its vicinity with water. The water mains and their ap-purtenances, and all the privileges, franchises, and immun-ities connected therewith, owned by the city, were turned over to the water company: and the franchise thus grant-ed in the existing or future limits of the city was per-petual, subject to the right of the city to purchase the plant on the terms set out in the ordinance. This ordin-

ance had, of course, no extraterritorial effect, and con-
ferred no authority beyond the limits of the city. The
act of the Legislature (see Sess. Acts 1885-86, p. 648) re-
cites the fact that the corporation was formed "for the
business of constructing and operating water works in
and near the city of Frankfort, for supplying the said city
and its inhabitants with water for public and private
purposes," and then confirms it as a body politic and cor-
porate, empowering it to construct and operate the water-
works "for the supply of said city and its inhabitants with
water," and the contract made by the city in the ordinance
above referred to is ratified.

Under this ordinance and the act of the General Assem-
bly, the only exclusive privilege or franchise conferred
upon the water company which was not allowed by law to
natural persons was the franchise of furnishing to the
city and its inhabitants water for public and private pur-
poses. This franchise must be exercised wholly within the
city. The fact that the company pumps its water out of the
river, and stores it in reservoirs without the city, in order
to deliver it to the city and its inhabitants, in the exer-
cise of its franchise, does not affect the rights of the
parties. The franchise does not consist in pumping the
water or in maintaining the reservoirs. This is only a
means of exercising the franchise, which is the supplying
of the city and its inhabitants with water.

It follows from these conclusions that the board was
without authority to apportion the tax on the franchise of
the water company between the city and the taxing dis-
tricts outside of the city. The tangible property owned by
the water company outside the city may be taxed by the
taxing districts in which it is situated, but the tangible

property within the city and the franchise of the corpora-
tion are all liable to taxation by the city. Judgment re-
versed, and cause remanded for a judgment and other
proceedings not inconsistent with this opinion.

Petition for rehearing filed and overruled.