CASE 93—SUITS BY THE AETNA LIFE INSURANCE COMPANY, CONNECTI-CUT MUTUAL LIFE INSURANCE COMPANY, EQUITABLE LIFE ASSUR-ANCE COMPANY, FIDELITY MUTUAL LIFE INSURANCE COMPANY, HOME LIFE INSURANCE COMPANY, MUTUAL LIFE INSURANCE COM-PANY OF NEW YORK, MUTUAL BENEFIT LIFE INSURANCE COMPANY, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, METROPOLI-TAN LIFE INSURANCE COMPANY, MICHIGAN MUTUAL LIFE INSUR-ANCE COMPANY, NATIONAL LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE COMPANY, NORTHWESTERN MUTUAL LIFE IN-SURANCE COMPANY, NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY, PRUDEN-TIAL INSURANCE COMPANY, PHOENIX MUTUAL LIFE INSURANCE COMPANY, PACIFIC MUTUAL LIFE INSURANCE COMPANY, STATE MUTUAL LIFE ASSURANCE COMPANY, MUTUAL LIFE TRAVELERS' INSURANCE COMPANY, UNITED STATES LIFE INSURANCE COMPANY, AND WASHINGTON LIFE INSURANCE COMPANY AGAINST GUS. C. COULTER AND OTHERS, TO RESTRAIN THE BOARD OF VALUATION AND ASSESSMENT FROM PROCEEDING TO ASSESS THEM FOR FRAN-CHISE TAX FOR THE YEAR 1901, OR FOR ANY YEARS SINCE 1898.

# Aetna Life Ins. Co. and Others v. Coulter, Auditor, and Others. (22 Cases.)

## APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS ALL APPEAL. REVERSED.

INSURANCE COMPANIES—TAXATION OF FRANCHISE.

Held: 1. An insurance company is not a "guaranty or security company," on which Kentucky Statutes, 1899, section 4077, imposes a franchise tax; what is meant by those terms being

Aetna Life Ins. Co. & Others v. Coulter, Aud., & Others. (22 Cases.)

shown by section 723, providing that a fidelity or guaranty company having power under its charter to become surety, may, among other things, become sole surety, where by law two or more sureties are required.

2. An insurance company which exercises no special or exclusive privileges not allowed by law to natural persons is not within Kentucky Statutes, 1899, section 407, imposing a franchise tax on twenty enumerated classes of corporations, all having special or exclusive privileges or franchises not allowed by law to natural persons and "every other like company," also every other corporation having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service; the word "like" referring to a corporation having or exercising some special or exclusive privilege or franchise, not allowed by law to natural persons, or performing some public service.

3. The power to tax the franchises of insurance companies not being conferred on the board of valuation and assessment, it is without jurisdiction to act in regard thereto.

GRUBBS & GRUBBS AND HAZELRIGG & CHENAULT, FOR APPELLANTS, AETNA LIFE INS. CO., EQUITABLE LIFE ASSUR. SOC., FIDELITY MUT. LIFE INS. CO., MUTUAL LIFE INS. CO. OF NEW YORK, MASSACHUSETTS MUT. LIFE INS. CO., NEW ENGLAND MUT. LIFE INS. CO., PROVIDENT SAVINGS LIFE ASSUR. SOC., PRUDENTIAL INS. CO., AND STATE MUT. LIFE ASSUR. CO.

C. B. ALEXANDER, FOR APPELLANT, EQUITABLE LIFE ASSUR. SOC.

JULIEN T. DAVIES AND EDWARD LYMAN SHORT, FOR APPELLANT, MUTUAL LIFE INS. CO. OF NEW YORK.

HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANTS, CONNECTICUT MUT. LIFE INS. CO. AND NEW YORK LIFE INS. CO.

JOHN J. McHENRY, JOSEPH T. NOE, AND GEORGE DURELLE, FOR APPELLANT, HOME LIFE INS. CO.

DODD & DODD, AND HAZELRIGG & CHENAULT, FOR APPELLANT, MUTUAL BENEFIT LIFE INS. CO.

HENRY STODDARD, F. M. SACKETT, AND ALEX. C. BARRET, FOR APPELLANT, METROPOLITAN LIFE INS. CO.

HAZELRIGG & CHENAULT, AND JOHN W. RODMAN, FOR APPELLANTS, NATIONAL LIFE INS. CO. AND WASHINGTON LIFE INS. CO.

BENNETT H. YOUNG AND HAZELRIGG & CHENAULT, FOR APPELLANT, MICHIGAN MUT. LIFE INS. CO.

BARNETT & BARNETT, HAZELRIGG & CHENAULT, HARDIN H. HERR, AND CHAS. K. STUART, FOR APPELLANT, NORTH-WESTERN MUT. LIFE INS. CO.

PIRTLE, TRABUE & COX, AND AUGUSTUS E. WILLSON, FOR AP-PELLANTS, PHOENIX MUT. LIFE INS. CO. AND UNITED STATES LIFE INS. CO.

DONALD B. TOUCEY, FOR APPELLANT, UNITED STATES LIFE INS. COMPANY.

WM. BROSMITH AND PIRTLE, TRABUE & COX, FOR APPELLANT, TRAVELERS' INS. CO.

GORDON & GORDON, FOR APPELLANT, PACIFIC MUT. LIFE INS CO.

### POINTS AND AUTHORITIES.

1. A court of equity may enjoin a proposed illegal assess-ment. Baldwin v. Shine, 84 Ky., 502; Water Company v. Clarke, 94 Ky., 47; Western Union Tel. Co. v. Norman, &c., 77 Fed. Rep., 21.

2. Foreign life insurance companies are not within the desig-nation of the statute (section 40'i l); nor are they "like com-panies." The word "like" refers to corporations that are strictly *ejusdem generis.*

It is a rule of legal construction that where particular words of a statute are followed by those of general character, the latter are to be restricted to the objects particularly mentioned. Sec. 4077, *et seq.*, Kentucky Statutes; Rapalje and Lawrence Law Dictionary, vol. 1, p. 435; Endlich on Interpretation of Stat-utes, sec. 405, p. 567; Kennedy v. Foster's Exor., 14 Bush, 483; Barbour v. City of Louisville, 83 Ky., 100; Louisville To-bacco Warehouse Co. v. Commonwealth, 20 Ky. Law Rep., 1749; vol 3 Am. and Eng. Ency. of Law, (2d ed.), 789; Joyce on Insurance, vol. 1, sec. 7, p. 45; Kentucky Statutes, secs. 643, 723; Commonwealth v. Wyatt, 6 Ran. (Va.), 694; Huff v. Commonwealth, 14 Gratt. (Va.), 648; Badger v. Daniels, 79 N. C., 379; Commonwealth v. Fontain, 137 Mass., 402; Hermann on Estoppel, secs. 114, 117; R. R. Co. v. Schutte, 103 U. S.; 118; Trustees v. Stocker, 42 N. J. L., 115; Hawes v. Water Co., 5 Sawyer, (C. C.), 287.

3. Foreign life insurance companies do not exercise any spec-ial or exclusive privilege or franchise not allowed by law to natural persons, nor do they perform any public service.

(1) Very few corporations exercise any special or exclu-sive privileges or franchises not allowed by law to natural persons. Bouvier's Law Dictionary, vol. 1, p. 553; Webster's

·790                KENTUCKY REPORTS.               ·[Vol. 115

Aetna Life Ins. Co. & Others v. Coulter, Aud., & Others. (22 Cases.)

Dictionary, "Special;" Bank of Augusta v. Earle, 13 Peters, 519; Commonwealth v. City of Frankfort, 13 Bush, 185; Louisville Tobacco Warehouse v. Commonwealth, 20 Ky. Law Rep., 1749; Am. & Eng. Ency. of Law, vol. 2, p. 579, (2d ed.)

(2) Only public service corporations can exercise such privileges or franchises in Kentucky. Constitution of Kentucky, sec. 3, (Kentucky Statutes, 57); Gordon v. Winchester, 12 Bush, 114; Commonwealth v. Whipps, 80 Ky., 282; Williams v. Cummock, 61 Am. Dec., 513; Kenton Co. Court v. Bank Lick, &c. Co., 10 Bush, 532; Barbour v. Louisville Board of Trade, 82 Ky., 653; Board of Councilmen v. Stone, 22 Ky. Law Rep., 27; Louisville Tobacco, &c. Co. v. Commonwealth, 20 Ky. Law Rep., 1749.

(3) Hence the phrase in section 4077, "or performing any public service," is really explanatory of what corporations were intended to be included in the expression "having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons."

(4) Foreign life insurance companies are private corporations and do not perform any public service. Am. & Eng. Ency. of Law, (2d ed.), vol. 7, p. 638; Joyce on Insurance, vol. 1, sec. 7, p. 45; Arnold v. Covington, &c. Bridge Co., 1 Duv., 374; Commonwealth v. Bacon, 13 Bush, 212; Barbour v. Board of Trade, 82 Ky., 653; Clayton v. Town of Lancaster, 86 Ky., 373; Clark, &c. v. Louisville Water Co., 90 Ky., 515; Com. v. Makibben, 90 Ky., 384.

(5) An individual can engage in the business of life insurance in Kentucky. Vol. 16, Am. & Eng. Ency., (2d. ed.), p. 878; Kerr on Insurance, pp. 20, 21; Doyle v. Continental Ins. Co., 94 U. S., 535; 24 Law Ed., 148; State v. Scougel, 3 S. D., 55; Commonwealth v. Vrooman, (Pa.), 25 L. R. A., 250; Kentucky Statutes, sec. 641; State v. Stone, 118 Mo., 388, 40 Am. St. Rep., 338; Hoadley v. Purifoy (Ala.), 30 L. R. A., 301, 107 Ala., 276; Singer Mfg. Co. v. Wright, (Ga.), 25 S. E., 249; May on Insurance, p. 52, sec. 35; Joyce on Insurance, chap. 1; Richards on Insurance, chap. 1; Security Fire Ins. Co. v. Ky. Marine, &c., 7 Bush, 87.

4. The only franchise granted to foreign life insurance companies in Kentucky is the right to do business in the State, and for this they pay a tax under section 4227. Commonwealth v. Frankfort, 13 Bush, 189; Louisville Tobacco Warehouse v. Commonwealth, 20 Ky. Law Rep., 1749; Southern B. & L. Association v. Norman, 98 Ky., 299; Fidelity & Casualty Co. v. City, 20 Ky. Law Rep., 1785; Levi v. City, 97 Ky., 40.

5. To pay a tax under section 4227, which is, in a restricted

Vol. 115]                    APRIL TERM, 1903.                    791

Aetna Life Ins. Co. & Others v. Coulter, Aud., & Others. (22 Cases.)

sense, a franchise tax, and then a franchise tax under section 4077 would be double taxation, and such taxation is never presumed, but must be shown by clear legislative intent, which does not exist in the case at bar. Cooley on Taxation, (2d ed.), p. 227; Judson on Taxation, sec. 425, p. 543; Livingston v. Paducah, 80 Ky., 656; Commonwealth v. Berkshire Life Ins. Co., 98 Mass., 25; Adams Express Co. v. Com., 166 U. S., 174; 41 Law Ed., 964; McCullough v. Maryland, 4 Wheat, 316, 429.

6. Former legislation and legislative proceedings show conclusively that foreign life insurance companies were not intended to be included in section 4077. 2 House Journal (Session, 1891-2), pp. 1982, 2029, 2259, 2262, 2291, 2293; Senate Journal, (Session, 1891-2), pp. 2203, 2206, 2249, 2253, 2284, 2298; Acts 1843, p. 87; Revised Statutes, chap. 83 p. 246, Meyer's Supp., p. 410; General Stats. (1888), Appendix, pp. 23, 45; First Report of Insurance Commissioner, p. 217; Louisville Tobacco &c., v. Com., 20 Ky. Law Rep., 1750.

7. To assess foreign life insurance companies under section 4227, and then to levy a franchise tax under section 4077 would be unequal, unjust, and in violation of the State and Federal Constitutions. The basis of a levy made under sections 4077 and 4227, must necessarily consider the same subject or property for taxation, and if in addition to levying a tax under section 4077 the State of Kentucky should attempt to impose a tax under section 4077, to the extent that the same subject is considered, the corporations thus called upon would not be given the equal protection of the law. Sec. 656, Kentucky Statutes; Sec. 171, Constitution of Kentucky; Henderson Bridge Co. v. Commonwealth, 99 Ky., 623, 166 U. S., 150; Adams Express Co. v. Com., 166 U. S., 171; Adams Express Co. v. Ohio, 166 U. S., 194; Hooper v. California, 155 U. S., 652; Rose's Notes, vol. 12, p. 673.

8. The power of a State to tax property of non-residents is limited to such property as is found within the State. Pays v. Pacific Mail Co., 58 U. S., 17; St. Louis v. Wiggins Ferry Co., 78 U. S., 11; Cleveland, &c. Co. v. Penn., 82 U. S., 300; Gloucester Ferry Co. v. Penn., 114 U. S., 196; Northern, &c., Co. v. Jackson, 74 U. S., 7.

9. As foreign life insurance companies have no property in this State, if a franchise tax is assessed against them the Board must necessarily consider a franchise given by another State, and such an effort would constitute the taking of property without due process of law. Louisville, &c. Ferry Co. v. Com. of Kentucky, (decided February 23, 1903), Advance Sheets Supreme Court Rep., vol. —, p. —.

## CONTEMPORANEOUS INTERPRETATION.

10. As to all statutes with a doubtful meaning, there must be interpretation, and the interpretation given by those whose duty it was to execute them is entitled to the highest consideration, and sometimes such interpretation becomes conclusive. This is especially true where the law-making power fails to enact legislation changing the rules of interpretation as laid down by the officers.

(In a number of cases cited the period is stated where the practical interpretation made by the administrative officers was held to control the meaning of the statute.) Administrative Interpretation; Collins v. Henderson, 11 Bush, 92 (20 years); Barbour v. City of Louisville, 83 Ky., 102, (3 years); Harrison v. Commonwealth, 83 Ky., 162, 170, (50 years); Louisville v. Louisville Water Co., 105 Ky., 754 (30 years); Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 165, 180, (5 years); Auditor v. Cain, 22 Ky. Law Rep., 1888, (27 years); Ross v. R. R. Co., 111 Mo., 25, (5 years); Union Ins. Co. v. Hoge, 21 How. U. S., 35 (4 years); Robertson v. Bradbury, 132 U. S., 491, (6 years); U. S. v. Ala., &c. R. R., 142 U. S., 615, 621, (9 years); U. S. v. Johnson, 124 U. S., 253, (11 years); In re Washington Street Ry. Co., 115 N. Y., 442, 447; People v. Dayton, 55 N. Y., 367, (20 years); U. S. v. Pugh, 99 U. S., 269, (14 years); Kentucky Statutes, sec. 4077; Cohens v. Va., 6 Wheaton, 418; Sedgwick (Pomeroy's Edition), p. 227; U. S. v. Moore, 95 U. S., 763; Home Ins. Co. v. Augusta, 50 Ga., 543; Commonwealth v. R. R. Companies, 95 Ky., 72; Black on Interpretation of Laws, p. 215; Sutherland on Statutory Construction, secs. 309, 333; End. on Int. of Stat., 360. Legislative Construction; Acts of Kentucky Legislature, 1902, p. 305; Walton v. Riley, 85 Ky., 415; Commonwealth v. Miller, 5 Dana, 320; Commonwealth v. Foster, 3 Met., 2; Pennington v. Woolfolk, 79 Ky., 19; State Board v. Holliday, 150 Ind., 216; Easton v. Pickersgill, 55 N. Y., 310; Packard v. Richardson, 17 Mass., 122; McPherson v. Blacker, 146 U. S., 1, 27.

11. A statute provides a certain method for taxing foreign life insurance companies. That statute excludes all other statutes upon the subject, unless there is a clear and express intention of some other statute allowing foreign life insurance companies to be taxed. Kentucky Statutes, secs. 4227, 4228, 4231, 4232, 4077; Broom's Legal Maxims, 8th ed., p. 664; Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 171; Cooley on Taxation (1st ed.), pp. 165-166; Livingston v. City of Paducah, 80 Ky., 658; Thompson on Corporations, sec. 2814, (2 vol.); Lewiston Water Power Co. v. Asotin County, 64

Pacific, 544, (Washington); Montgomery v. Montgomery Gas Light, 64 Ala., 269; Tenn. v. Whitworth, 117 U. S., 136; L. & N. R. R. Co. v. Wright, 116 Fed. R., 669; Acts of Kentucky Legislature, 1902, p. 368; Black on Interpretation of Laws, pp. 161, 162.

12. Foreign life insurance companies are not named in the catalogue of franchise tax victims contained in section 4077. They are not like any of those named. They do not claim, nor exercise any special or exclusive franchise or privilege not allowed by law to natural persons, nor do they perform any public service. Am. & Eng. Ency. of Law, 2d. ed., vol. 16, 878; Hoadley v. John Purifoy, 107 Ala., 276; Barnes v. People, 168 Ill., 425; May on Insurance, secs. 27 and 35; Fire Department v. Stanton, 159 N. Y., 225; Bliss on Life Insurance, p. 41; Richards on Insurance, p. 7; Joyce on Insurance, sec. 325; Marshall on Insurance, (1802), secs. 39, 40; Acts of 1902, p. 180; Weed v. Cumming, 198 Pa. St., 442; Secs. 538, 617, 577, 603, 611, 725, 4077, 4227, 641, Kentucky Statutes; Fort v. State, 92 Georgia, 8; Beach on Industrial Trusts and Monopolies, sec. 121.

13. When the statute (Kentucky Statutes, section 4077) says every railway company or corporation and every incorporated bank, etc., "and every like company," the latter expression does not include foreign life insurance companies doing business in the State of Kentucky. Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 165; Bishop on Written Laws, sec. 245; Lincoln Center v. Linker, 7 Kas. App., 282; s. c., 53 Pac. R., 788; Badger v. Daniell, 79 N. C., 387; Webster's Dictionary, defining "Like;" Kenneday v. Foster, 14 Bush, 482; *In re* Hermance, 71 N. Y., 487; St. Louis v. Laughlin, 49 Mo., 559; State Board v. Holliday, 150 Ind., 216; Broom's Legal Maxims, 8th ed., p. 593; Neal v. Clark, 95 U. S., 709; The Telegraph Co. v. Norman, 77 Fed. R., 13.

14. Even if section 4077 taxes foreign insurance companies the judgment must be reversed.

(1) Because it refuses to enjoin assessments though barred by limitation. C.. St. L. & N. O. R. R. v. Com., 72 S. W. R, 1119; Com v. Nute, Court of Appeals, March 25, 1903.

(2) Because it refuses to enjoin threatened certification of assessments to local authorities. Frankfort v. Stone, Auditor 22 Ky. Law Rep., 25.

15. Appellants are foreign insurance companies other than life and assessment casualty companies, as mentioned in section 4231, Kentucky Statutes, and are not guarantee or security companies as designated in section 4077 of the Kentucky Stat-

utes. Secs. 617 and 687, Kentucky Statutes; Vol. 16, Am. & Eng. Ency. of Law, (2d ed.), pp. 838 and 839; May on Insurance, (3d ed.), secs. 7 and 535; Vol. 11, Am. & Eng. Ency. of Law, (2d ed.), p. 9; Vol. 1, Am. & Eng. Ency. of Law, (2d ed.), p. 285; Employers' Liability Assurance Corp. v. Merrill, 155 Mass., 404; Village of London West v. London Guarantee & Accident Co., 26 Ont., 520; People, *ex rel.* American Surety Co. v. Wemple, 58 Hun., 248, affirmed in 126 N. Y., 623; State v. Phelan, 66 Mo. App., 548; Tibbets v. Mercantile Credit & Guaranty Co., 73 Fed. Rep., 95, 19 C. C. A., 28; Claflin v. U. S. Credit System Col, 165 Mass., 501; Shakman v. U. S. Credit System Co., 92 Wis., 366; 32 L. R. A., 383; *In re* Hogan, 78 N. W., 1051.

SWEENEY, ELLIS & SWEENEY, KOHN, BAIRD & SPINDLE, J. C. BECKHAM & SON, W. S. PRYOR and JOHN W. RAY, for APPELLEES.

### POINTS AND AUTHORITIES.

1. The appellants are guarantee or security companies, within the meaning of section 4077, Kentucky Statutes.

2. A State board can not be enjoined from performing its functions in advance of action, if it can legally do anything touching the subject-matter involved. Kentucky Railroad Commission Cases, (sub nom.), McChord v. L. & N., etc., 183 U. S., 483; Chicago Ry. Co. v. Board of Equalization, 112 Fed., 607.

3. Individuals, as well as corporations, doing the business mentioned in section 4077 are liable to the tax there provided. State v. Stone, 118 Mo., 388; Providence Banking Co. v. Webster County, 22 Ky. Law Rep., 214; Latonia Stock Company v. Donnelly, 20 Ky. Law Rep., 1891.

4. Guarantee insurance embraces all classes of insurance other than life, fire and marine insurance, and a guarantee business includes guarantee insurance. People v. Fidelity & Casualty Co., 153 Ill., 25; Ky. Statutes., secs. 643, 684, 687 and 723; Encyclopedic Law Dictionary, terms guarantee and security; Brandt on Suretyship and Guarantee, sec. 1; Bouvier Law Dictionary, vol. 1, pp. 644, 508; Webster's Unabridged Dictionary, terms guarantee and security; May on Insurance, secs. 1, 2, 540, 543, 544, 545, and 547; Joyce on Insurance, secs. 2 and 12; 9 A. & E. Ency. of Law, (1st ed.), 65.

5. The case of Warehouse Company v. Commonwealth, 20 Rep., 1747, does not decide that no insurance company is embraced by section 4077. The expression in that case tending to that effect is mere dictum and entitled to no weight. Cohens v. Virginia, 6 Wheat., 399; *Ex parte* City Bank, 3 How., (U.

Vol. 115]          APRIL TERM, 1903.          795

Aetna Life Ins. Co. & Others v. Coulter Aud., & Others.  (22 Cases.)

S.), 292; Peck v. Jenness, 7 How., (U. S.), 612; Carroll v. Carroll, 16 How., (U. S.), 275; Frants v. Brown, 17 S. & R., (Pa.), 292.

6. The constitutionality of section 4077, Kentucky Statutes, has been fought out and decided by the courts, State and Federal. Henderson Bridge v. Commonwealth, 99 Ky., 623; Southern Ry. v. Coulter, 23 Ky. Law Rep., 203; cases there cited, and Coulter v. Bridge Co., 24 Rep., 809; Commonwealth v. Bridge Co., 24 Rep., 1177; Warehouse v. Commonwealth, 20 Rep., 1047, 1747; Ferry Co. v. Commonwealth, 20 Rep., 927; Newport v. Commonwealth, 21 Rep., 42; Banking Company v. Webster County, 22 Rep., 214; Latonia Stock Co. v. Donnelly, 20 Rep., 1891; Henderson Bridge v. Kentucky, 166 U. S., 154; Adams Express v. Kentucky, 166 U. S., 171; Adams Express v. Ohio, 165 U. S., 194, Ib., 166 U. S., 185; American Express v. Indiana, 165 U. S., 255; Warehouse v. Kentucky, (note in), 57 L. R. A., 53; State Board v. Goggin, (note in), 58 L. R. A., 513.

7. The rule of contemporaneous construction applies only to cases of doubtful construction arising on the face of the instrument construed. It calls for active construction and is not invoked by mere inaction. Vattel's Law of Nations, 244; Ruggles v. Illinois, 108 U. S., 536; Southern Ry. v. Coulter, 24 Ky. Law Rep., 203; Coulter v. Bridge Co., 24 Ky. Law Rep., 809; City of Louisville v. Ry. Co., 23 Rep., 390; Fairbanks v. United States, 181 U. S., 283; Travelers' Insurance Co. v. Fricke, 68 N. W., 959, Ib., 74 N. W., 372, Ib., 41 L. R. A., 557; Commonwealth v. Grinstead, 21 Ky. Law Rep., 1444.

8. Section 4077 provides a property tax. Section 4231 provides a privilege or exemption or income tax. The two are fundamentally consistent and are laid upon different properties and things. Neither provides strictly a franchise tax. Warehouse v. Commonwealth, 20 Rep., 1747; Adams Express v. Kentucky, 166 U. S., 180; Crutcher v. Kentucky, 141 U. S., 47; Judson on Taxation, secs. 147, 157 to 169; Joyce on Insurance, sec. 328; Iowa Insurance v. Lewis, 189 U. S. (Sp. Ct. U. S. Dec. 18, 1902); Southern Building Co. v. Norman, 98 Ky., 294; Fidelity Co. v. Louisville, 20 Ky. Law Rep., 1785; South Covington Ry. v. Bellevue, 20 Ky. Law Rep., 1184; Ib., 57 L. R. A., 50; Kentucky Constitution, secs. 174, 181; American Surety Co. v. Wemple, 58 Hun., 248, Ib., 120 N. Y., 623; Postal Company v. Norfolk, 43 S. E. Rep., 207; Kenton Insurance Co. v. Covington, 86 Ky., 214; Knisely v. Cotterell, 196 Pa. St., 614; 50 L. R. A., 86; City of Covington v. Woods, 98 Ky., 344; Elliott v. Louisville, 101 Ky., 262; Bowser v. Thompson, 103 Ky., 331.

9. By sections 172 and 174 all property in this State is subjected to taxation, and can not be exempted by either omission in the act or by express legislation. That which can not be done directly, can not be done indirectly. State v. Keokuk, &c. R. R., 153 Mo., 157; Railroad Co. v. Worthen, Collector, 46 Ark., 312; C. & O. Railroad Co. v. Miller, Auditor, 19 W. Va., 435; Railroad v. Worthen, 120 U. S., 102; People v. Eddy, 43 Cal., 330.

Section 4077 taxes the intangible property of corporations, companies and associations. The tax is levied regardless of the granting of a franchise to exist or to do, by the State. Providence Baking Co. v. Webster County, 22 L. Rep., 214; Paducah Street Railway Co. v. McCracken County, 49 S. W. Rep., 178.

10. Appellants are "like" other corporations referred to in section 4077. Anderson v. Winfrey, 85 Ky., 605; Sullivan v. Robertson, 37 Federal Reporter, 778; Great Western R. R. Co. v. Sutton, L. R., 4 H. L., 323; Ruff v. Commonwealth, 14 Gratton, 640; State v. Grider, 13 Ark., 297; Sears v. State, 33 Ala., 347; Badger v. Daniel, 79 N. C., 379; Commonwealth v. Fontain, 137 Mass., 451; T. W. & W. R. Co. v. People, 81 Ill.

11. The excise imposed on foreign corporations by section 4227 doing business here is a mere license, such companies are subject to the tax imposed by section 4077, Kentucky Statutes in addition to such license fees or excise, imposed by section 4227.

12. The premiums paid to mutual companies, for the purposes of taxation, constitute capital or capital stock and are subject to taxation under section 4077, Kentucky Statutes. Commonwealth v. Milton, 12 B. Mon., 212; Phoenix Ins. Co. v. Commonwealth, &c., 5 Bush, 68; People, &c. v. Wemple, &c., 131 N. Y., 66; Mutual Ins. Co. v. Erie County, 4 N. Y. 442; People of the State of New York v. Campbell, 77 N. Y., 507; People v. Equitable Trust Co., 96 N. Y., 383; Adams Express Company v. Ohio State Auditor, 165 U. S., 194; Adams Express Co. v. Kentucky, 171 U. S., 185; Same v. Ohio State Auditor, 185 U. S., 225; Henderson Bridge Co. v. Commonwealth, 99 Ky., 623. The attention of the court is especially directed to these cases.

Opinion of the court by Judge HOBSON—Reversing.

Appellants are foreign life insurance companies doing business in this State. They filed these suits to restrain the board of valuation and assessment from proceeding to assess them for franchise tax for the year 1901, or retro-

spectively for the previous years since November 11, 1898, under section 4077, Ky. St. 1899, on the ground that such companies are not included in the statute. This is the only question to be determined. The circuit court dismissed their petition.

The statute is in these words: "Every railway company or corporation, and every incorporated bank, trust company, guarantee or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace-car company, dining-car company, sleeping-car company, chair-car company, and every other like company, corporation or association, also every other corporation, company or association, having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised. The auditor, treasurer and secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section four thousand and ninety-five of this article, the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the board of valuation and assessment, and for the discharge of such other duties as may be imposed on them by this act. The auditor shall be chairman of said board, and shall convene

the same from time to time, as the business of the board may require."

In Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 165, 20 R., 1047, 49 S. W., 1069, 57 L. R. A., 33, the statute was construed and was held not to embrace private trading corporations not having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service. To this conclusion we adhere. The statute names 20 classes of corporations, and then adds, "and every other like company, corporation or association," thus showing that the Legislature had in mind that other unlike companies, corporations or associations were not included; and that these words were not intended to cover all corporations is further shown by the next words of the section: "Also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons or performing any public service." These words show that other companies not having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, and not included in the preceding words of the section, were not intended to be embraced by it. It follows that the section was not intended to embrace all corporation but only the 20 classes named, and every other like corporation and every other corporation having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service. The reasons for this conclusion are elaborated in the case referred to.

It remains to determine whether insurance companies are embraced by the words, "guaranty or security company," or, "every other like company," or "every

other corporation, company or association having
or exercising any special or exclusive privilege or fran-
chise not allowed by law to natural persons, or performing
any public service," or by all of these expressions taken to-
gether.   In construing a statute, the purpose is to effectu-
ate the intention of the Legislature; and to do this, where
the words of the statute are not clear, the court may look to
the course of legislation and the object aimed at.   Section
245 of the Constitution provided that upon its promulgation
the Governor should appoint three persons learned in the
law as commissioners to revise the statute laws of the State,
so as to conform them to the Constitution and effectuate
its provisions.   This commission was appointed, and re-
ported to the Legislature a series of acts for this purpose
—among others, an act regulating private corporations
(chapter 32, sections 538-883a, Ky. St. 1899), and an act in
regard to revenue and taxation (chapter 108, sections 4019-
4281, Ky. St. 1899), of which section 4077 is a part.   These
acts are the work of the same Legislature, enacted pur-
suant to the constitutional provision; and, in determining
the meaning of either, it is proper to look to the other acts
of that Assembly, without regard to the date at which eith-
er act was passed, for the Assembly had before it the re-
vision of the laws of the State.   In the act on corporations,
an insurance bureau is created, and more than 100 sections
of the act are taken up with the subject of insurance.   Ky.
St. 1899, sections 617-762.   The Legislature therefore did
not overlook the subject of insurance, and when it named
in section 4077, 20 classes of corporations, many of them
of much less consequence or capital than insurance com-
panies, the presumption must be that the omission to name
insurance companies in section 4077 was not accidental.
This conclusion is fortified by the fact that in sections 4227

800    KENTUCKY REPORTS.    [Vol. 115

Aetna Life Ins. Co. & Others v. Coulter, Aud., & Others. (22 Cases.)

and 4231 a tax on the receipts of these companies is provided for in the same act. There was no tax on foreign insurance companies in this State previous to the act of March 11, 1843 (Laws 1842-43, p. 87, c. 373). By that all agents representing foreign insurance companies were required to furnish to the auditor a correct list of premiums, verified by oath, and pay the sum of $2.50 on every $100 of premiums received, and in section 7 the principals of the agents were made liable for the tax. Substantially the same provision was carried into the Revised Statutes. 2 Stanton's Rev. St., p. 246. The law thus remained until the year 1864, when the rate was increased to $5. Myers' Supp. p. 410; Phoenix Ins. Co. v. Commonwealth, 68 Ky., 80, 96 Am. Dec., 331. In 1870, when the Insurance Bureau was established, the rate was cut down to $2.50, and it thus remained until the act in question was passed. Thus for something like a half century the State had observed a uniform course in the taxation of foreign life insurance companies, and this policy is continued in section 4227, Ky. St., 1899. While the State may impose a tax on premiums, and also a franchise tax, double taxation is not to be inferred from doubtful words; and, when the legislative policy of the State had so long been followed, we are persuaded, if a change had been intended, it would have been clearly signified. This construction of the statute has been adopted by the executive officers of the State since the passage of the act in contest, until the year 1901, and some force must be given to this contemporaneous construction. The last General Assembly also revised the laws regulating revenue and taxation, making no change in the statute, which had thus been construed by the officers of the State for eight years.

An insurance company is not a guaranty or security company, within the ordinary meaning of that term. What the

Legislature meant by guaranty or security company is shown by section 723, Ky. St. 1899, and is such a corporation as may become surety for another; and the reason for its inclusion in the section is that by the statute it may become sole surety in all cases where by law two or more sureties are required, thus having the special privilege not allowed by law to natural persons. An insurance company is not like a guaranty or security company. It exercises no special or exclusive privilege not allowed by law to natural persons. At common law private persons can make contracts of insurance (21 Am. & Eng. Ency. of Law, 255; Kerr on Insurance, 2021; May on Insurance, section 35); and this common-law right is recognized by section 641, Ky. St. 1899. In determining the meaning of the word "like," in this section, we must follow the rule *noscitur a sociis*. All the 20 named corporations have special or exclusive privileges or franchises, not allowed by law to natural persons. The word "like" must be read not only in connection with the preceding words, but with the following clause. The likeness which the Legislature had in mind is in having or exercising some special or exclusive privilege or franchise, not allowed by law to natural persons, or performing some public service. In Levi v. Louisville, 97 Ky., 405, 16 R., 872, 30 S. W., 976, 28 L. R. A., 480, this court said that the board of valuation was created "to value every and all corporations, associations or companies having or exercising any exclusive privilege or franchise not allowed by law to natural persons." And in Board of Councilmen of City of Frankfort v. Stone, 108 Ky., 400, 22 R., 502, 56 S. W.; 679, the court said: "The franchise primarily in view under section 4077 is any special or exclusive privilege not allowed by law to natural persons." In the interpretation of all

statutes levying taxes, a cardinal rule is that their provisions are never extended by implication beyond the fair meaning of the terms used, and in every case of doubt they are construed more strongly against the government, and in favor of the taxpayers, because burdens are not to be imposed unless the intention of the Legislature to impose them is distinctly shown. Cooley on Taxation, 201, 202. Under this rule, in the absence of any general words in the statute covering such corporations as insurance companies, we conclude that they were not embraced by it, and that the practical construction of the statute at the hands of the executive and legislative departments of the government should not now be departed from.

But it is said that by sections 172 and 174 of the Constitution all property in the State is subject to taxation, and can not be exempted, either by omission in the act or by express legislation, for to allow the property to be exempted by the failure of the Legislature to act would be to allow it to accomplish by indirection what it can not do directly. The answer to this is that the board of valuation and assessment is the creature of the Legislature, and in creating it the Legislature had authority to confer upon it such power as it saw fit. Power to assess the franchises of insurance companies not having been conferred on it by the Legislature, the board is without jurisdiction to act in the premises, and the question of the power of some other authority to act is not here presented. The Constitution of Kentucky is not peculiar in respect to taxation. The same principle is expressly stated or necessarily implied from the provisions of the Constitution of most of the States; but in something like 40 States the same mode of taxation is followed as provided by section 4227, Ky. St. 1899, and in the remaining States there is a license tax or a tax on policies.

Section 4077 does not impose upon the corporations named in it any greater taxation than is imposed on other taxpayers. It is a part of the act providing for the payment of a uniform tax on all property directed to be assessed for taxation by the owner, person, or corporation assessed. Ky. St. 1899, section 4019. Personal property of every kind is separately valued, and if there be no appropriate column in the tax book, it is placed in the column headed "Miscellany." Section 4050. It is the duty of the assessor to take the tax list of all persons, whether natural or corporate, including therein their tangible and intangible property. The purpose of section 4077 is to provide another mode for the assessment of certain intangible property of the corporations referred to in it, which could not be so intelligently assessed by the county assessor. But when the board has acted in the case of these corporations, it has only completed the assessment of their property, part of their assessment being made by the county assessor, and part by the board, while in the case of other taxpayers the assessor makes the entire assessment. The Legislature has not seen fit to take life insurance companies out of the class whose assessment is to be made by the county assessor. How and by whom property shall be assessed for taxation is a matter to be regulated by the General Assembly. It is a sovereign power to impose taxes, and to direct how they shall be laid and collected. The Legislature must also determine by what rule the situs of personal property for taxation shall be governed. Thus personal property in this State, although having an actual situs in another county, can be taxed only at the residence of the owner. Wren v. Boske (24 R., 1780), 72 S. W., 279; Lexington v. Fishback's Trustee (109 Ky., 770, 22 R., 1392), 60 S. W., 727. And in the absence of legislative authority, intangible property of

a nonresident of the State can not be taxed here. Baldwin v. Shine, Judge, 84 Ky., 502, 8 R., 496, 2 S. W., 164; City of Covington v. Wayne (22 R., 826), 58 S. W., 776. So money lent by a nonresident, and secured by mortgage on property in this State, has been held not taxable in this State until the Legislature shall provide for its taxation by giving it a situs. Board of Councilmen, City of Frankfort, v. Fidelity Trust & Safety Vault Co. (111 Ky., 667, 23 R., 908), 64 S. W., 470.

It is incumbent on appellants to list with the assessor all their property, real or personal, subject to taxation in the respective counties of the State. German National Ins. Co. v. Louisville (21 R., 1179), 54 S. W., 732. This they allege they have done, paying the taxes thereon, in addition to the $2 on each $100 of premiums, as provided by section 4227, Ky. St. 1899. If they own any intangible property in this State, that should justly bear its part of the public burdens, and is not reached by the assessor because having no situs in the county, the Legislature must act, and give it a situs, and provide where and by whom it shall be assessed for taxation. Until the Legislature acts, and gives it a situs in the State, such intangible property of appellants would seem to stand as the intangible property of other nonresidents of the State, or money lent by them on mortgages here.

Judgments reversed and causes remanded, with directions to overrule the demurrers, and for further proceedings consistent herewith.

Whole court sitting.