CASE 94—SUITS BY FIDELITY & CASUALTY CO. OF NEW YORK, EM-
PLOYERS' LIABILITY ASSURANCE CORPORATION, STANDARD LIFE &
ACCIDENT INS. CO., AND MARYLAND CASUALTY CO. AGAINST GUS.
G. COULTER, AUDITOR, AND OTHERS, TO ENJOIN THE BOARD OF VAL-
UATION AND ASSESSMENT FROM PROCEEDING TO ASSESS THEM FOR
A FRANCHISE TAX.—JUNE 5.

# Fidelity & Casualty Co. of New York v. Coulter, Auditor and Others.
# Employers' Liability Assur. Corp. v. Same.
# Standard Life & Accident Ins. Co. v. Same.
# Maryland Casualty Co. v. Same.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

INSURANCE COMPANIES—TAXATION—GUARANTY COMPANIES.

Held: 1. A corporation in name an insurance company, but which
is doing a guaranty or security business, is liable to a tax on
its franchise, under Kentucky Statutes, 1899, section 4077, im-
posing such tax on guaranty or security companies and every
like company.

2. A company which is doing a guaranty or security business only,
but has paid the tax of $2 on each $100 of gross premiums as
an insurance company, is entitled to credit therefor on its
franchise tax as a guaranty or security company, imposed by
Kentucky Statutes, 1899, section 4077, but, if it is doing both
kinds of business, it is liable for both taxes.

FORCHT & FIELD, O'NEAL & O'NEAL, AND HUMPHREY, BUR-
NETT & HUMPHREY, FOR APPELLANTS, FIDELITY & CASUALTY
CO. AND STANDARD LIFE & ACCIDENT INS. CO.

BARKER & WOODS, FOR APPELLANT, EMPLOYERS' LIABILITY ASSUR.
CORP.

JOYES & JARVIS, FOR APPELLANT, MARYLAND CASUALTY CO.

MONTGOMERY & MONTGOMERY, FOR APPELLANT, U. S. CASUALTY
COMPANY.

THOS. W. BULLITT AND WM. MARSHALL BULLITT, FOR APPEL-
LANT, AMERICAN SURETY CO.

## POINTS AND AUTHORITIES.

**1.** Appellants are foreign insurance companies other than life and assessment casualty companies, as mentioned in section 4321, Kentucky Statutes, and are not guarantee or security companies as designated in section 4077 of the Kentucky Statutes. Secs. 617 and 687, Kentucky Statutes; Vol. 16, Am. & Eng. Ency. of Law, (2d ed.), pp. 838 and 839; May on Insurance, (3d ed.), secs. 7 and 535; vol. 11, Am. & Eng. Ency. of Law, (2d ed.), p. 9; Vol. 1, Am. & Eng. Ency. of Law, (2d ed.), p. 285; Employers' Liability Assur. Corp. v. Merrill, 155 Mass., 404; Village of London West v. London Guarantee & Accident Co., 26 Ont., 520; People, ex rel. American Surety Co. v. Wemple, 58 Hun., 248; affirmed in 126 N. Y., 623; State v. Phelan, 66 Mo. App., 548; Tibbets v. Mercantile Credit & Guaranty Co., 73 Fed., Rep., 95, 19 C. C. A., 28 Claflin v. U. S. Credit System Co., 165 Mass., 501; Shakman v. U. S. Credit System Co., 92 Wis., 366; 32 L. R. A., 383; *In re* Hogan, 78 N. W., 1051.

**2.** Appellant companies do not fall within the provisions of section 4077, Kentucky Statutes.

(a) What is a franchise? 4 Blackstone Commentaries, 159; Bouvier Law Dictionary, vol. 1, p. 839; Bank of Augusta v. Earl, 13 Peters, 519, 10 L. Ed., 274.

(b) Appellants neither have nor exercise any special or exclusive privilege or franchise not allowed by law to natural persons. Sec. 3, Constitution of Kentucky; Louisville Tobacco Warehouse Co. v. Commonwealth, 20 Ky. Law Rep., 1749; Board of Councilmen, &c. v. Stone, Auditor, 22 Ky. Law Rep., 27.

(c) Guarantee and security companies have and exercise a special or exclusive privilege or franchise not allowed by law to natural persons. Sec. 493, Civil Code of Practice; Sec. 723, Kentucky Statutes.

(d) There is no law prohibiting an individual from engaging in the insurance business in Kentucky. Vol. 16, Am. & Eng. Ency. of Law, (2d ed.), p. 878; Joyce on Insurance, sec. 325; May on Insurance, (3d ed.), secs. 27 and 35; sec 641, Kentucky Statutes; State v. Stone, 118 Mo., 388.

(e) The appellants perform no public service. Louisville Tobacco Warehouse Co, v. Commonwealth, 20 Ky. Law Rep., p. 1751, and cases there cited.

**3.** The tax paid by appellants, insurance companies, under section 4231, Kentucky Statutes, is a franchise tax and is in payment of the only franchises granted to them by the State, which franchise is the right to do business in the State. Society for Savings v. Coite, 6 Wall., 594, 611, 18 L. Ed., 879,

**Vol. 115]**     **APRIL TERM, 1903.**     **807**

Fid. & Cas. Co. of N. Y. & Others v. Coulter, Aud., & Others.

904; State v. Philadelphia W. & B. R. R. Co., 45 Md., 361; U. S. Electric Power & Light Co. v. State, 79 Md., 63; Kittanning Coal Co. v. Commonwealth 79 Pa. 100; People v. Equitable Trust Co., 96 N. Y., 387; People *ex rel.* Badische Anilin & Soda Fabrik v. Roberts, 152 N. Y., 59, 36 L. R. A., 756; Southern Building & Loan Association v. Norman, Auditor, 98 Ky., 294; Fidelity & Casualty Co. v. City of Louisville, 106 Ky., 207; Louisville Tobacco Warehouse Co. v. Commonwealth, 20 Ky. Law Rep., 1750.

(b) To require appellants to pay a franchise tax under section 4077, Kentucky Statutes, in addition to the tax required of them by section 4231, would be double taxation and double taxation is not to be presumed. Secs. 4078, 4079, 4080, 4081, Kentucky Statutes; Judson on Taxation, sec. 425; Cooley on Taxation, (2d ed.), pp. 227 and 228; Livingston v. City of Paducah, 80 Ky., 659; Adams Express Co. v. Com., 166 U. S., 174, *et seq.*, Henderson Bridge Co. v. Com., 99 Ky., 623, 166 U. S., 150.

4. The contemporaneous construction placed upon section 4077, Kentucky Statutes, for ten years, by three separate State boards of valuation and assessment, representing three separate State administrations, should be followed, they having never construed section 4077 to include the appellant companies. Louisville Tobacco Warehouse Co v. Commonwealth, 20 Ky. Law Rep., 1755; Harrison v. Commonwealth, 83 Ky., 170; Barbour v. City of Louisville, 83 Ky., 102; Auditor v. Cain, 22 Ky. Law Rep., 1888; People v. Adelphia Club, 149 N. Y., 5, 21 L. R. A., 510; Bloxham v. Electric Light & Street R. Co., 36 Fla., 519, 29 L. R. A., 507; Westbrook v. Miller, 56 Mich., 148; Union Insurance Co. v. Hoge, 62 U. S., 21 Howard, 35, 16 L. Ed., 61; Wetmore v. State, 55 Ala., 198; Solomon v. Cartersville Commrs., 41 Ga., 157; Edwards v. Darby, 25 U. S., 12 Wheaton, 206, 6 L. Ed., 603; United States v. Gilmore, 75 U. S., 8 Wall, 330, 19 L. Ed., 396.

(b) Section 4077 (Act of 1892), Kentucky Statutes, has also received a legislative construction by section 2984a, (Act of 1898), Kentucky Statutes; Louisville Tobacco Warehouse Co. v. Commonwealth, 20 Ky. Law Rep., 1744-5.

5. To require appellants to pay a franchise tax under section 4077, Kentucky Statutes, in addition to the tax imposed on them under section 4231, Kentucky Statutes, would be unequal and unjust and in violation of the State and Federal Constitutions. Section 171, Constitution of Kentucky; sec. 1 of the Fourteenth Amendment to the Constitution of the United States.

For appellees, see briefs of S'weeney, Ellis & S'weeney, Kohn, Baird & Spindle, J. C. Beckham & Son, W. S. Pryor and John W. Ray in the preceding case of Aetna Life Insurance Company and Others against Coulter and Others.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellants filed these suits to enjoin the board of valuation and assessment from proceeding to assess them for a tax on their franchises under section 4077, Ky. St. 1899. The court sustained a demurrer to their petitions, and they have appealed.

The petitions are much the same. It is alleged in each that the plaintiff is a corporation authorized to carry on a general insurance business, other than life, fire, or marine insurance; that it has conducted and now conducts a general insurance business other than fire, marine and life insurance; that it has complied with all the requirements of the statutes of the State, and has paid a tax of $2 upon each $100 of its gross premiums, but that the board is now about to assess it for several years for a franchise tax, although it is not a guaranty or security company, performs no public service, and neither has nor exercises any special or exclusive privilege or franchise not allowed by law to natural persons; that it owns no property within the State of Kentucky; and that unless restrained the board of valuation and assessment, without any reasonable foundation or authority in law, will fix a value upon its supposed franchise for the purpose of State taxation for a number of years.

The allegations of the petition bring these cases within the rule laid down in the case of Aetna Life Ins. Co. v. Coulter, etc. (this day decided), 115 Ky., 787, 24 R., 193, 74 S. W., 1050, in which it is held that insurance companies are not embraced by the provisions of section 4077, Ky. St. 1899. It is earnestly argued in the briefs filed in this court for the appellees that these

companies are guaranty or security companies, or at least like companies, within the purview of this section; but there is not enough in the petition in any of the cases to raise the question, as the business the companies are doing in this State is not shown by anything in the record, except by the allegations of the petitions that they are doing an insurance business. The franchise tax for which the assessment is made under section 4077 does not depend upon the name of the company, or the name by which it may designate its business. If any of these companies are in fact doing a guaranty or security business in this State, as defined in the opinion above referred to, then they are embraced by the statute, and their franchise may be assessed under it. The company that is only doing a guaranty or security business is not an insurance company, within the meaning of the statute imposing a tax of $2 on each $100 of gross premiums; and if such a company has paid this tax, and is now assessed for a franchise tax, it will be entitled to a credit on the latter tax for the amount which it has heretofore paid in the way of the tax on gross premiums, if such is the fact. A company which is in name an insurance company, but is doing a guarantee or security business in this State, is a like corporation, within the meaning of section 4077, and is therefore embraced by it. If any of these companies has been doing both an insurance business and also a guaranty or security business, as defined in the opinion referred to, then it is liable for the tax of $2 on each $100 of gross premiums received in its insurance business, and is also liable for a tax on its franchise as a guaranty or security company, under section 4077.

Judgment reversed and causes remanded, with directions to overrule the demurrers to the petitions, and for further proceedings consistent herewith.